Comstock, J.
 

 George Caldwell and J. W. Caldwell, oeing insolvent, both as a partnership and individually, assigned their partnership personal estate, together with certain real estate, which they owned as tenants in common, to the defendants Read and Mitchell, in trust to pay the debts of the firm in a certain order, and with a reservation to themselves of the surplus if there should be any. The plaintiffs, who were creditors of George Caldwell, having obtained subsequent judgments, insist that the assignment was fraudulent and void as to them, on account of that reservation.
 

 In the case of
 
 Goodrich
 
 v.
 
 Downs
 
 (6
 
 Hill,
 
 438), the assignment provided that if, any surplus remained after paying the debts specified, it should be returned to the assignor; there were creditors not provided for in the assignment. The assignment was held void, although it appeared, as it does in the present case, that the property embraced in the trust was not sufficient to pay the enumerated creditors. This decision, so far as it may be understood to have turned upon the statute (2
 
 R. S.,
 
 135, § 1) relating to conveyances, &c., of goods, &c., “in trust for the use of the person making the same,” has been overruled by this court.
 
 (Curtis
 
 v.
 
 Leavitt,
 
 15
 
 N. Y.,
 
 9.) But in overruling the decision in that respect, we by no means called in question the doctrine that an assigment by an insolvent is void for actual fraud, if, while he provides for only a part of his creditors, he makes the attempt, in the instrument, to reserve any portion of the fund to himself. Such an attempt has been regarded as establishing what is sometimes termed
 
 *478
 
 “ fraud in law,” but more accurately speaking it affords a conclusive presumption of an actual fraudulent design on the part of the assignor. In this view of the question,
 
 Goodrich
 
 v.
 
 Downs
 
 was well enough decided, and the deci sion, considered as depending upon this principle, was approved in
 
 Barney
 
 v.
 
 Griffin
 
 (2
 
 Comst.,
 
 365). In that case, a large real estate was conveyed by a failing or insolvent debtor, in trust to pay a portion of his creditors, and then to reconvey to the debtor so much of the estate as should remain undisposed of. The bill set forth the conveyance, and charged fraud, which the answer explicitly denied, and there was no evidence taken in the case. It appeared also from the answer, upon which no issue was taken, that there would be, in fact, no residue of the estate after paying the specified debts. The assignment was nevertheless held fraudulent and void upon its very face. It was observed that “ the parties contemplated a surplus and provided for it, and they are not now at liberty to say that this was a mere form which meant nothing.” Besides this ground of decision, some others were mentioned in the opinion of Judge Bsoifsoif, but it is well known that this is the point on which the judgment of this court was pronounced against the assignment.
 

 It seems impossible to distinguish between the cases referred to, especially that of
 
 Barney
 
 v.
 
 Griffin,
 
 and the one now before us. The Caldwells being insolvent, assigned the estate, which they owned together, to pay the debts which they jointly owed, but one of them also owed debts individually, which were entitled to be paid out of the residue of his share in the fund assigned. Instead of making provision for paying these individual debts, the whole fund was tied up under a trust, and after the particular trusts should be satisfied the residue was reserved to the assignors. It is true, this reservation might not vitiate the assignment, if the fund to which it attached had consisted of partnership property only. The rights of a creditor of one partner are subject to an
 
 *479
 
 equitable adjustment of accounts between the partners themselves, and therefore it may not be fraudulent to provide, in an insolvent partnership assignment, that the surplus of the effects shall be returned to the firm instead of being directed to the payment of the private debts of either of the members. But the real estate assigned by the Caldwells, as we understand the case, was held by them as tenants in common. The interest- of each was therefore his individual property, as much so as his separate estate. Thus they had no right to convey in trust with a reservation in their own favor, leaving their individual creditors unprovided for.
 

 So much of the judgment of the Supreme Court as sustains or depends upon the validity of their assignment must be reversed, and a new trial granted.
 

 All the judges, except Shankland, J., concurring,
 

 Judgment reversed and new trial ordered.