Truitt Brothers & Co., Plaintiffs in Error, *vs.* James Y. Caldwell, Defendant in Error.

#### ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

An insolvent merchant sold his entire stock of goods to one of his creditors, by Bill of Sale, in payment of his debt, and as a part of the same transaction the creditor executed an agreement with the merchant, providing for a resulting interest in the surplus proceeds of the property, if, after "disposing of all said property in the ordinary course of business, as shall seem to him (the creditor) best," it should be found that he had realized any more than the amount of his indebtedness against the merchant, with interest, expenses, &c., &c.; in the event of any such surplus remaining, it was to be paid to the order of the merchant. *Held*—That both the Bill of Sale and the agreement are part and parcel of the same transaction, and must be treated as an ordinary assignment for the benefit of creditors:—That the fact that a consideration was paid does not relieve the grantee from the trust thereby created, so as to make the transaction a simple bargain and sale:—and that the conveyance is not a mortgage or pledge to secure the debt, as the grantor has no resulting interest in the *property* conveyed, upon payment of the debt, nor does the language used show an intent to convey as a security.

An assignment of an insolvent debtor, providing for a resulting interest to the assignor, without paying all the creditors, is, of itself, evidence of an intent to hinder, delay and defraud creditors, and is void as to them. The intent to hinder, &c., must be presumed by the Court, and there is no question to submit to the jury.

Power given to a trustee "to dispose of the property in the ordinary course of business," would authorize him to sell on credit; and a provision in a deed of trust executed by an insolvent, authorizing a sale of the property on credit, is void as to creditors.

The following are the points and authorities relied upon by Counsel for Plaintiff in Error:

*First.*—On the decision of a demurrer, the Court will consider the whole record, and give judgment to the party who, on the whole, appears to be entitled to it. *See Stephen on Pleading, p.* 144; 2 *Hill R., p.* 59, *United States vs. White et al.;* 2 *Hill, R., p.* 210, *Merceien vs. Smith;* 18 *Conn. R., p.* 395, *Bishop vs. Quintard.*

*Second.*—The answer sets up various matters and things which are simply *badges of fraud*, and can be pleaded for no other purpose than to show a fraudulent intent. The reply avoids, explains or denies each of these *badges of fraud;* consequently if they are matters that may be pleaded by way of defence to the action, they may most certainly be denied or avoided in the reply, and such was the holding of the Court below.

*Third.*—The Plaintiffs are entitled to judgment upon the whole record before the Court, for the following reasons, to wit;

1st.   Because the facts and all the facts stated in the reply being admitted, and it being stated therein that the transaction mentioned in the answer, was made in good faith, and without fraud, the Defendants cannot rely upon any *fraud in fact*, but on the contrary have admitted that there was none.

2d.   It is also admitted by the demurrer that the sale of the goods from Markley to the Plaintiffs, was for an ample consideration actually paid; that the property was immediately delivered to the Plaintiffs and to their actual possession; and that the transaction was in perfect good faith between the parties.

3d.   The whole transaction as it appears from the bill of sale of Markley to the Plaintiffs, and the instrument from the Plaintiffs to Markley is valid and binding in law, and conveyed a perfect and indefeasable title to the property in question, to the Plaintiffs, as against all persons, because—

A debtor may convey his property or any part thereof, to any one of his creditors for the purpose of paying and satisfying an actually existing debt or demand, and this even when the debt is in some measure contingent. *See 6 Mass. R.*, *p.* 338, *Stevens et al. vs. Bell; 5 Johns. R.*, *p.* 335, *Wilkes vs. Ferris;* 1 *Vol. Clarke Iowa R.*, *p.* 582, *Fowler & Co. vs. Ricketts;* 4 *Vol. Comstock R.*, *p.* 211, *Leitch vs. Hollister;* 16 *Vol. Mass. R.*, *p.* 274, *Ins. Co. vs. Gardner; 5 Vol. Mich. R.*, *p.* 155, *Hubbard vs. Taylor; Burrell on Assignments, p.* 102.

*Fourth.*—The fact that provision was made in the instrument executed by the Plaintiffs to Markley, that if on the happening of a certain contingency, more money should be realized from the property conveyed than was sufficient to discharge the debt of the Plaintiffs, the excess should be paid to the grantor or his order, does not make the transaction fraudulent as to creditors, but on the contrary is just such a disposition as the law would have made of the excess if said instrument had not been executed, and is no evidence of fraud whatever. *See the cases cited before;* 4 *Comstock R.*, *p.* 211, *Leitch vs. Hollister;* 5 *Johns. R.*, *p.* 335, *Wilkes vs. Ferris.*

*Fifth.*—The principles of law applicable to *general assign-*

*ments for the benefit of creditors* do not apply to this case, for the reason that *general assignments* are voluntary and without consideration, and for certain purposes designated in the trust deed of assignment; while the sale under consideration is direct, and for a valuable, full and adequate consideration. *See cases before cited; Vol 1 Clarke's Iowa Rep., p.* 582, *Cowles & Co. vs. Richells.*

*Sixth.*—The sale from Markley to the Plaintiffs and the whole transaction is good and valid in law as to all persons, unless it be averred and proved that the conveyance was made for the *main purpose* of a secret trust, and with a fraudulent intent to hinder, delay and defraud creditors, which fraudulent intent must be brought home to the assignee, and is a question of fact for the jury. *See* 12 *Mass. R., p.* 456, *Harrison vs. Trustees;* 43 *Maine R., p.* 440, *Hinkley vs. Hinkley;* 6 *Porter's Ind. R., p.* 176, *Stewart vs. English;* 4 *Jones' N. C. R., p.* 301, *Fulton vs. White; Rev. Stat., Chap.* 64, *Sec.* 4, *p.* 269 ; 1 *Curtis' S. C. Rep., p.* 532, *United States vs. Hove.*

*Seventh.*—But the instrument executed by the Plaintiffs to Markley shows clearly on the face of it, that instead of being made to defraud, it was made to protect the creditors of Markley; and fraud should not, and cannot be presumed from the provisions of an instrument which admits of a contrary construction. *See* 22*d Vol. Barbour Rep., p.* 552, *Bank vs. Talcott ;* 6*th Vol. Indiana Rep., p.* 176, *Stewart vs. English.*

*Eighth.*—A Court cannot infer that a conveyance, transfer or assignment of property was made for the benefit of the grantor, where it is admitted that a valuable consideration was paid for the same by the grantee. The question in such a case becomes one of intent, and this is made a question for the jury by statute. *See Rev. Stat., Ch.* 64, *Sec.* 4, *p.* 269 (*N. S.* 459); 6 *Hill,* 433 ; 1 *Ib.* 436, 473; *and authorities above cited.*

The following are the points and authorities relied upon by the Counsel for the Defendants in Error:

These two instruments, the bill of sale and the trust deed, being executed at the same time, between the same parties, relating to the same subject matter, and referring to each

other, must be considered together in determining the character and effect of the agreement and transaction between the parties. *7 Pick.* 71; *Burrill on Assignments,* 89; 20 *Ohio,* 389; 4 *Ohio State,* 602; *Dias vs. Bouchaud,* 10 *Paige,* 445.

By this deed of trust it appears that Markley did not divest himself of all interest in the proceeds of the property, but that the Plaintiffs were to account to him for all moneys realized, and after realizing a certain amount, hold the balance or surplus subject to the order of Markley; the legal effect of which is necessarily to hinder, delay and defraud creditors, and the whole agreement is therefore utterly void as against such creditors, and it makes no difference whether there would be a surplus to be thus held or not. *Grover vs. Wakeman,* 11 *Wend.* 203; *Wakeman vs. Grover,* 4 *Paige,* 41; *Boardman & Perry vs. Holliday,* 10 *Paige,* 223; *Hart vs. McFarland et al.,* 13 *Penn.,* 182; *Goodrich vs. Downs,* 6 *Hill,* 438; *Doremus et al. vs. Lewis et al.,* 8 *Barbour S. C.* 124; *Barney vs. Griffin et al.,* 2 *Comstock,* 365; *7 Paige,* 568; 4 *Barbour S. C.* 547, 559; 17 *Vt.* 390; *Mitchell vs. Stiles,* 13 *Penn.* 306; *Burrill on Assignments,* 211 and 212; *Leitch vs. Hollister,* 4 *Comst.* 211.

*Second.*—The conveyance from Markley to the Plaintiffs was void as to creditors, under *Section* 1, *Chapter* 50, *page* 458 *of the Statutes,* which provides that "All deeds of gift, all conveyances, and all transfers or assignments, verbal or written, of goods, chattels or things in action, made in trust for the use of the person making the same, shall be void as against the creditors, existing or subsequent, of such person."

Under this statute it makes no difference as to the character or amount of the property conveyed, or as to whether it is all the party has, or whether he is insolvent, neither does it matter what the intention may have been, neither is it made a question of fact whether a trust is created; but in all cases it is for the Court to determine whether the conveyance creates a trust for the use of the person making the same, and if so, it is declared to be void in all cases as against creditors. The statute is copied from a New York statute, word for word, and in that State it has repeatedly been held that a provision in a

conveyance or assignment similar to the one in the present case, creates a trust in favor of the person making the same, within the meaning of the statute, and is therefore void as against creditors. *Hyslop vs. Clark,* 14 *Johns.* 462 ; *Goodrich vs. Downs,* 6 *Hill,* 438 ; *Doremus vs. Lewis,* 8 *Barb. S. C.* 127 ; *Leist vs. Hollister,* 4 *Comst.* 215.

SANBORN, FRENCH & LUND, Counsel for Plaintiffs in Error.

SMITH & GILMAN, Counsel for Defendants in Error.

*By the Court*—ATWATER, J.—This was an action brought in the District Court of Ramsey County, by the Plaintiffs in Error, to recover the value of certain personal property alleged to have been wrongfully and unlawfully taken by the Defendants. The answer alleges that in April, 1859, William P. Wilstack & Co., recovered a judgment against one Isaac Markley, surviving partner of Simon Kern, late partners as Markley & Kern, for the sum of $2,596 06, upon which execution was duly issued, that the Defendant Caldwell was Sheriff of said Ramsey County, and Brackett, (one of the Defendants) was Deputy Sheriff, that by virtue of the said execution, the said property had been taken by the Defendants as the property of the said Markley, and which was the same taking alleged in the complaint. The answer further alleged, that on the 28th day of March, 1859, the said Isaac Markley, as surviving partner as aforesaid, and in his individual capacity, was the owner and in possession of a large stock of goods, wares and merchandise, (including the property described in the complaint) amounting to the sum of $14,500—that the said Markley, being indebted to the Plaintiffs and to many others, and being insolvent and unable to pay his creditors in full, did on the said 28th day of March, 1859, execute an instrument in writing, whereby he sold, assigned and transferred unto the Plaintiffs all of said goods, wares and merchandise, &c., and which embraced all the property of the said Markley, held or owned by him, either as surviving partner or individually, not by law exempt from execution, (except certain real

estate of small value conveyed by deed or mortgage by the said Markley, at the same time to other parties,) and which included the property taken by the Defendants. The bill of sale is set forth in the answer, and is an absolute sale and transfer of the property therein described, for the expressed consideration of $13,000. The instrument was acknowledged and filed in the Register's office, March 28, 1859.

The answer further alleges that at the same time, and as a part of the same transaction and agreement, the Plaintiffs executed and delivered to the said Markley, a written agreement, of which the following is a copy, to wit:

"Know all men by these presents, that whereas we, Charles B. Truitt, Robert W. D. Truitt, Samuel L. Creutzborg, and John F. Bennet, partners as Truitt Brothers & Co., of Philadelphia, State of Pennsylvania, parties of the first part, have on this 28th day of March, A. D. 1859, purchased of Isaac Markley, party of the second part, all the stock of merchandise, notes, bills and book accounts, belonging to him either individually or as surviving partner of the late firm of Markley & Kern, for the agreed sum and price of twelve thousand seven hundred and seventy-nine dollars and ninety-eight cents, which the parties of the first part have receipted and paid to him, and whereas, there is included in said sale and transfer of said property, some eight or ten thousand dollars of notes and book accounts, which at the present time both parties to this agreement and to said sale, consider as nearly valueless, and the said sale or transfer being made on that basis, but which, if times should improve, may be of considerable value.

"Now therefore, in consideration of the premises, and to the end that no advantage may be realized or taken of said Isaac Markley or of his creditors, we, the parties of the first part, do promise and agree, that if, after disposing of all the goods and merchandise transferred to us in the ordinary course of business, as shall seem to us best, and collecting all that we are able to collect from the notes and accounts transferred to us, it shall be found that we the parties of the first part, have realized over and above all expenses, time, services, and the said amount of $12,779 98 and the interest thereon, any sum

or amount whatever, that the same overplus shall be subject in our hands to the payment of such debts of Markley & Kern, as said Markley shall order.

"And we the parties of the first part do promise and bind ourselves to keep a true and correct account of the moneys realized by us from said goods, merchandise and notes and accounts, and to pay any overplus that may be realized by us to the said creditors of said Markley & Kern, as the said Isaac Markley shall designate, and pay the same to the order of said Isaac Markley on demand.

In witness, &c.              TRUITT BROTHERS & Co."

The answer further alleges, that certain other creditors (whose names were unknown to the Defendants,) of said Markley, were to be paid from the proceeds arising from the sale of said goods and from the collections, should enough be realized, but that no provision was made to pay anything to the Defendants, Wilstack & Co. It is further stated that the Plaintiffs derive all their right and title to the property, from the agreements above stated.

A reply was filed, setting up various matters, which it is deemed unnecessary to enumerate. The Defendants demurred to the reply, and the demurrer was sustained. The Plaintiffs then sued out a writ of error from this Court.

In the consideration of the points raised by the demurrer, the Court is necessarily carried back beyond the reply to the answer, and the main question in the whole case is at once presented, viz: Did the Plaintiffs, under the agreements set up in the answer, acquire a valid title to the property in question, as against the creditors of Markley? And in order properly to determine this question, it will be necessary to examine the nature of this conveyance from Markley to the Plaintiffs. And this examination will embrace the agreements of the parties respecting the property conveyed, and the relation of the parties thereto to each other, and to other creditors, as disclosed by the pleadings.

The answer sets forth a bill of sale from Markley to the Plaintiffs, of the property in question being in terms an abso-

lute conveyance of the property for a consideration therein mentioned. But this was not in fact the whole transaction between the parties, for the answer also states, that at the the *same time and as a part of the same transaction and agreement,* the Plaintiffs on their part executed to Markley an agreement, which is also set forth in the answer. This agreement shows how the Plaintiffs were to hold, dispose of and treat the property conveyed, and what they were to do with the surplus after paying their debt. The answer also alleges that Markley was insolvent at the time of the execution of this bill of sale, and that the property thereby conveyed was all the property of Markley, (not exempt from execution,) except certain real estate of small value conveyed at the same time. These facts are not denied by the reply, except that the reply denies that this conveyance included all the property of Markley not exempt from execution. This denial, however, is altogether too broad to avail the Plaintiffs, as it would be true, if Markley had only a dollar's worth of property not included in the conveyance, and yet this would not affect the legal character of the conveyance. Taking the whole transaction together, we think the conveyance from Markley has all the elements of an assignment, and that in legal effect it does not differ from an ordinary assignment for the benefit of creditors. There was an absolute transfer of the property, placing it beyond the control of the grantor. The Plaintiffs possessed the entire right to sell the property and collect the debts. They obligated themselves to account to Markley on the sale of the property. And also to pay over the surplus, after satisfying their debt and paying the expenses of disposing of the property, to Markley or his order. In other words, they received this property in trust to so manage it as to pay a certain debt, and then to pay over the proceeds further arising to the assignor himself. The precise wording of the instrument is immaterial, where the object of the conveyance is manifest.

Every assignment in trust may be considered as composed of two principal parts—a transfer and a trust or trusts. *Burrell on Assignments, p.* 84. "The trusts," says this author,

"indicate the objects of the transfer; they designate the purposes to which the assigned property is to be applied; and they are expressed, for the most part, in the form of directions to the assignee, how to dispose of the property conveyed to him." The two instruments by which this property was conveyed and held, embrace the substance of the formal parts of a general assignment. *Burrell on Assignments, p.* 238 *et seq.* If the conveyance be in the nature of an assignment, it must be a general one, as the answer shows that it embraced *all* the property of the assignor.

It is claimed that this conveyance differs from a voluntary assignment for the benefit of creditors, for the reason that a full and adequate consideration was paid for the property by the Plaintiffs. This it is true appears from the bill of sale of Markley, and had that instrument as executed, shown the whole transaction between the parties, the consideration might have been sufficient to have sustained the conveyance. But the satisfaction of the debt of Markley to the Plaintiffs was not all the consideration moving the former to make this conveyance. It was equally as important to him that they should dispose of this property and account to him for the surplus, as that his debt should be paid. And in accepting the property upon this condition, the Plaintiffs have placed themselves in a position where their rights as purchasers for a valuable and adequate consideration, cannot be considered apart from their liabilities growing out of the trust which they have accepted. It cannot be claimed that this transaction between Markley and the Plaintiffs, was simply and only a bargain and sale. That would have only required the execution of the bill of sale and the delivery of the goods. And the Plaintiffs cannot claim that their *rights* under that instrument shall be considered, and their *liabilities* ignored under their contract with Markley, as both agreements are part and parcel of the same transaction. And the conveyance must stand or fall by the transaction taken as a whole, for it is only by considering the whole that the object and intent of the parties can be ascertained. We do not see that the payment of a consideration to Markley at the time he made this convey-

ance to the Plaintiffs, gives them any better title than they would have had by an ordinary assignment in trust to pay their debt, with the same reservation as is now provided for of the surplus to the grantor. The consideration in either case would be good, and the objection to the conveyance could not be predicated upon a want of consideration. "There can be no question whether an assignment of a debtor's property to a trustee for the benefit of his creditors, is for a valuable consideration or not, because the debts due to the creditors constitute a valuable consideration in the highest sense of the term ; and the obligation of the trustee to perform the trust, according to the provisions of the deed, is a sufficiently valuable consideration, so far as he is concerned." *Burrell on Assignments*, *p.* 219. The question of adequate consideration is seldom raised in conveyances of this kind, and is not that on which their validity ordinarily depends. A conveyance may be fraudulent as to creditors, as well where there is an adequate and executed consideration from the grantee, as where the only consideration on his part is the obligation to execute a trust. To hold otherwise would be to point out to the debtor an easy and convenient method to escape the penalties of the statute of frauds.

Again, as this conveyance is not simply a transfer of property to satisfy a debt, neither is it a mortgage or pledge to secure the claim of the Plaintiffs. The grantor here has no resulting interest in *the property* conveyed upon payment of the debt as is a usual, if not necessary incident to a pledge or mortgage. No forfeiture or power of sale is given upon the happening of any contingency, nor any language used, showing an intent on the part of the grantor to convey the property as security for the payment of his debt. Indeed, it is not claimed by the Plaintiffs that such was the intent, if we understand the argument; although the Counsel for the Plaintiff in Error has cited authority which seems to have no application to this case unless this conveyance is to be treated as a security for a debt rather than an absolute transfer. One of these authorities, (and perhaps the strongest for the Plaintiffs in Error,) is that of *Leitch vs. Hollister*, 4 *Comstock* 211.

In that case the Court held, that a general assignment by a debtor of his property in trust for the benefit of a particular class of creditors, reserving the surplus to himself, is fraudulent and void; and that it made no difference whether the surplus be large or small, or whether there be none at all. But that neither the principle nor statute applies where the assignment is to creditors themselves for the purpose of *securing their particular demands*. In that case a party had assigned a chose in action, to secure certain debts, providing that they should be paid, and the surplus returned to the grantor. The conveyance was held to be only a mortgage in legal effect. But there is a wide difference between that case and the one at bar. First, the conveyance was of a *part* only—one single item—of the debtor's property. And secondly, it was made for the express purpose of securing debts. And the opinion in that case places the ruling distinctly on the ground that it was an assignment of a *part* only of the property of the debtor. As the case at bar is a general assignment if anything, the Court, in the case above cited, hold *such* an assignment void, and say that "it is immaterial, whether the *purpose* to transfer all his property in effect appears upon the face of the assignment, or is established by extrinsic evidence; in either case the whole trust is void." And further, that "the effect of such an assignment is to withdraw the property of the debtor from legal process, and to compel creditors to await the execution of the trust, before they can reach the surplus reserved to the former. As those creditors who are excluded from the benefits of the assignment can not enforce its execution, they are necessarily hindered and delayed, and consequently in legal contemplation defrauded." The Court say, in that case, that the complainant acquired a lien upon the interest of the assignor the moment his bill was filed, and consequently, that he had not been hindered, or sustained any other injury, &c. The reason, therefore, given for the decision in that case, does not apply in this, as, if this conveyance stands, the creditors have no remedy, or recourse upon the property of Markley, at least until the closing up of this trust. The case of *Wilkes vs. Ferris*, 5 *John.* 335, is also a case of an assignment of a part of

a debtor's property, and, is consequently not applicable to the case at bar. . So, also, in the case of the *United States vs. Hove et al.*, 1 *Curtis S. C.* 551, there was a conveyance of *a part* of the lands of the debtor in trust, by way of, mortgage, nor was it claimed that the debtor was absolutely insolvent. The case of *Stewart vs. English*, 6 *Porter*, 176, was also a conveyance of a part of the debtor's property, the Court saying that "enough remained unsold to satisfy the Plaintiff's demand." Nor does *Stevens vs. Hinkley*, 43 *Maine*, 440, show that the grantor conveyed all his property, or that he was insolvent. In short, we find no authorities that sustain the position that an insolvent may make a valid assignment or conveyance of all his property to one or more creditors, (leaving others unprovided for,) with a trust to return the surplus, after paying such creditor, to the debtor.

On the whole, therefore, we hold that this conveyance from Markley to the Plaintiffs, does not, in principle and legal effect, differ from, and must be treated as an ordinary assignment of a debtor for the benefit of creditors. As between the parties to the instrument, no question can be raised as to its validity. But its effect upon the rights of the creditors of Markley must be determined by the rules of law applicable to conveyances of this nature. It will be unnecessary to enter into any discussion of the question, as to whether an assignment or conveyance containing provisions like the present, is prohibited by *Sec.* 1 *of Chap.* 51, *Rev. Stat.* The Courts have uniformly held, that an assignment of an insolvent debtor, providing for a resulting interest to the assignor, without paying all the creditors, is, of itself, evidence of an intent to hinder, delay and defraud creditors, and consequently void as to them. The legal effect of such a conveyance being necessarily to hinder, delay and defraud creditors, the intent to do this must be presumed by the Court, and there is no question to submit to the jury. *Grover vs. Wakeman*, 11 *Wen.* 203; *Wakeman vs. Grover*, 4 *Paige*, 41; *Boardman & Perry vs. Holliday*, 10 *Paige*, 223; *Hart vs. McFarland et al.*, 13 *Penn.* 182; *Goodrich vs. Downs*, 6 *Hill*, 438; *Doremus et al. vs. Lewis et al.*, 8 *Bar.* 124; *Leitch vs. Hollister*, 4 *Com.* 211; *Dunham vs. Wa-*

*terman*, 17 *N. Y.* 9; *Colomb vs. Caldwell*, 16 *N. Y.* 484; 2 *Com.* 365.

If a conveyance of this kind be sustained, it is manifest that the statute against fraudulent conveyances may be easily evaded, and in fact, would practically be rendered nugatory and useless. An insolvent need only convey his property to a creditor, take a receipt for his debt, and after the creditor has sold sufficient to satisfy his claim, dispose of the balance at such time as he might see fit, and pay over the proceeds to the grantor. The debtor would thus practically remain in the full enjoyment of all his property, (except that applied to the payment of the particular debt he chose to satisfy,) and be enabled to set his creditors completely at defiance. In case of a conveyance of a large stock of goods and merchandise, it might, and usually would require one or more years, to dispose of the property in the ordinary course of business. In conveyances of this nature, any provisions tending to favor the debtor at the expense of the creditor, will be narrowly scrutinized by the Court, and must on their face be clear of all taint of fraud, in order to be sustained. The whole of an insolvent's property (not exempt from execution,) belongs of right to his creditors, and any device or plan to prevent its taking this direction, is an attempt to evade the law, and cannot be regarded with favor by the Court.

Considered as a trust deed, the instrument contains another highly objectionable provision. The trustees are "to dispose of the property in the ordinary course of business." Such a disposition would authorize a sale upon credit, and it has already been decided by this Court in *Greenleaf vs. Edes*, 2 *Min.*, 264, that a provision of this character in a deed of trust executed by an insolvent, has the effect necessarily to hinder, delay and defraud creditors, and consequently is void as to them.

It is urged by the Counsel for the Defendants in Error, that this conveyance from Markley to the Plaintiffs, is also void as to creditors, under *Sec.* 1, *Chap.* 50, *p.* 458, *Rev. Stat.*, and in support of that position we are cited to several New York authorities. Among the strongest of these is that of *Goodrich*

*vs. Downs*, 6 *Hill*, 438, above cited. This case, however, has been overruled (so far as it holds the doctrines contended for) by the Court of Appeals of New York, in an elaborate opinion in the case of *Curtis vs. Leavitt*, 15 *N. Y. Rep.*, 9. If the rule as laid down in that case be the correct one, (and it seems to be supported by the better reason) the position of the Counsel on this point cannot be sustained. It was there held, that the statute applies only to conveyances, &c., primarily for the use of the grantor, and not to instruments for other and active purposes, where the reservations to the grantor are incidental and partial. As the decision of this case, however, does not depend upon the determination of this point, and as it was not fully argued by the Counsel for the Plaintiff in Error, the Court is not called upon definitively to pass upon the question.

The judgment of the Court below is affirmed.