JOHN L. SUTHERLAND and FRANCES SUTHERLAND MAJOR, as Executors and Trustees, etc., of LOT C. CLARK, Deceased, Respondents, v. ALONZO BRADNER and ANDREW J. HOLDEN, Appellants.

*General assignment — its terms and conditions cannot be subsequently altered by the assignor — he cannot show that a clause was omitted by mutual mistake, as against a judgment creditor attacking the assignment.*

This action was brought to set aside a general assignment upon the ground that it was fraudulent, in that it required the assignee to return any surplus, that might remain after paying certain creditors named in the assignment, to the assignor, without making any provision for his other general creditors. The defendants offered to show that after the recovery and docket of the plaintiffs' judgment the assignor executed and delivered to the same assignee another assignment for the benefit of creditors.

*Held,* that the evidence was properly rejected, as the lien acquired by the docket of the plaintiffs' judgment could not be affected by any subsequent act of the debtor, and for the further reason that as the first assignment was valid as against the assignor, he was powerless to thereafter change or alter any of its terms or conditions.

The defendants also offered to show that the clause directing that the surplus be distributed in payment of the claims of the general creditors was omitted from the assignment through mutual mistak

*Held,* that the evidence was properly rejected.

Appeal from a judgment in favor of the plaintiffs, entered upon the decision of the Livingston Special Term.

*James Wood,* for appellant Holden.

*John A. Vanderlip,* for appellant Bradner.

*Charles J. Bissell,* for the respondents.

Haight, J.:

This action was brought by the plaintiffs as judgment creditors of the defendant Bradner, to set aside a general assignment made for the benefit of creditors to the defendant Holden, upon the ground that it was fraudulent and void.

On the 16th day of June, 1884, the plaintiffs recovered a judgment against the defendant Alonzo Bradner and one David McNair, for the sum of $17,698.87. The judgment-roll was filed and the

judgment docketed in the office of the clerk of New York county, and on the 17th of June, 1884, a transcript was filed and judgment docketed in Livingston county. On the 3d day of June, 1884, the defendant Bradner made and delivered to the defendant Holden an assignment under the general assignment act of 1877. At the time of making the assignment Bradner was possessed of a large real and personal estate situated in Livingston county. The assignment contained preferences. The court at the Special Term held and decided that the assignment upon its face was fraudulent and void as against the plaintiffs, and invalid as against their judgment and execution. The assignment, after the usual clause transferring all of the property of the assignor to the assignee, provides that it shall, nevertheless, be in trust to and for the intents and purposes named therein. It then provides that the assignee shall take possession of all the lands, tenements and hereditaments, and shall sell and dispose of the same, and that he shall collect all of the debts, due bills, bonds, notes of account, etc.; it then provides that with the proceeds of such sales and collections, the party of the second part shall pay and disburse, first, the reasonable expenses, costs, charges and commissions for executing and carrying into effect the assignment; second, all the rents, taxes and assessments due or to become due upon the lands, and, in the next place, to pay and discharge in full the debts owing certain creditors which are therein specially named and described. It then provides that "the said party of the second part shall return the surplus of such net proceeds and avails, after the payment of the said debts, demands and liabilities, as herein provided, if any there shall be to the said party of the second part, his executors, administrators or assigns."

It will be observed that the assignment fails to make any provision for the sale by the assignee of the personal property, or for the application of the proceeds which might arise from such sale. In the second place the assignment fails to make any provision for the payment of general creditors out of the surplus remaining after payment of the preferred creditors. The claim of the plaintiffs in this action was not preferred.

It is contended on the part of the appellant that by a fair and liberal construction of the instrument that the assignee would have the power to sell the personal property and apply the proceeds, and

that after the payment of the preferred debts, if any surplus was left, that it would be his duty to pay the general creditors *pro rata*. But such does not appear to us to be the plain or logical reading of the assignment, at least, so far as the distributing of the surplus after payment of the preferred creditors is concerned. The assignee gets his power from the instrument. He is made a trustee to do that which he is authorized and empowered to do by the paper. After he has paid the creditors, specifically named and preferred, *their said debts, demands and liabilities,* he is commanded to return the surplus, if any, to the assignor. That this would render the assignment fraudulent and void as against the general creditors has been expressly held by the Court of Appeals. (*Barney* v. *Griffin*, 2 Comst., 365; *Collomb* v. *Caldwell*, 16 N. Y., 484.)

. Subsequent to the entry of the plaintiffs' judgment the defendant Bradner executed and delivered to the defendant Holden another assignment for the benefit of creditors. Upon the trial the defendant offered to read this assignment in evidence. It was excluded by the court, and we think properly. The lien of the plaintiff's judgment had already attached to the real estate owned by the defendant Bradner. No act of Bradner's in reconveying his property could relieve it of such lien. Again, the first assignment was only fraudulent and void as against creditors. As to Bradner it was valid. He consequently had nothing which he could convey by the second assignment, and he was powerless to change or alter the conditions of the first. In the case of *Porter* v. *Williams* (9 N. Y., 142), it was held that an assignment could not be made valid by a subsequent assignment. That as between the parties the assignment was valid, and the assignor having parted with his title, no further power remained in him to change or modify its terms.

Upon the trial the defendants offered to show that the clause directing that the surplus be distributed in payment of the claims of the general creditors was omitted from the assignment through mutual mistake. This evidence was excluded by the court. The plaintiffs were not parties to the assignment, consequently there can be no mutual mistake so far as they are concerned. Since the assignment was made they have procured their judgment and perfected their lien. If the assignment is void the lien of their judgment attaches to all the real estate that purported to be trans-

ferred by the assignment.   Assuming that their judgment has been properly obtained, neither a court of equity nor of law has the right to deprive them of such lien.   It is true that a court of equity has the power in a proper case to reform contracts made by parties where there has been a mutual mistake.   This power exists for the purpose of preserving the rights and liabilities of the contracting parties to each other.   It does not exist for the purpose of depriving third persons, individuals not parties to the instrument, of statutory rights acquired by them.   Assignments with preferences are not favored in the law, and we are not aware of any principle of equity that would justify the court in depriving the diligent creditor of the liens secured by him through proceedings authorized by law.   (*Warner v. Jaffray,* 96 N. Y., 248, 255.)

We are of the opinion that the judgment is correct and should be affirmed.

SMITH, P. J., BARKER and BRADLEY, JJ., concurred.

Judgment affirmed, with costs.