GEORGE A. HAYNES AND FRANK E. HAYNES, APPELLANTS, v. JOHN I. BROOKS, INDIVIDUALLY, AND DAVID S. BROWN, AS ASSIGNEE, ETC., RESPONDENTS.

AMASA SPRING AND CYRUS HAYNES, APPELLANTS, v. SAME, RESPONDENTS.

*General assignment — firm creditors may be preferred to individual creditors — the surviving partner may make a general assignment — debts contracted by a surviving partner are his individual debts.*

This action was brought by the plaintiff, as a judment creditor of the defendant Brooks, to set aside, as fraudulent, a general assignment made on March 3, 1884, by the defendant Brooks as the surviving partner of a firm composed of himself and one Edward Brooks, who died in September, 1883. The assignment, which contained preferences, included so much of the partnership stock as still remained undisposed of and such further goods as the assignor himself had purchased and added to the stock, during this intervening period, which still remained unsold.

*Held*, that an objection to the validity of the assignment, on the ground that the assignor could not devote his own individual property to the payment of debts owing by the firm, of which he had been a member, could not be sustained

*Kirby* v. *Schoonmaker* (3 Barb. Chy., 46); *Hurlbert* v. *Dean* ( 2 Abb. Ct. of App., 429) followed.

That the assignor, as surviving partner of the firm, had authority to make it and to include therein the property of the preceding firm.

*Emerson* v. *Senter* (118 U. S., 3); *Williams* v. *Whedon* (39 Hun, 98) followed.

After providing for the payment of the preferred debts, the assignor directed that the assignee should pay and discharge the other debts owing by the firm of John I. Brooks & Co., or against the assignor, as the survivor thereof.

*Held*, that an objection that the assignment did not provide for the payment of the individual debts of the assignor, was not well founded, as, whatever debts were contracted by him since the dissolution of the firm were his individual debts, and describing himself as the survivor of the firm did not change their character or affect his liability upon them.

*O'Neil* v. *Salmon* (25 How., 246); *Crook* v. *Rindskopf* (34 Hun, 457); and *Collomb* v. *Caldwell* (16 N. Y., 484) distinguished.

APPEAL from a judgment in favor of the plaintiff, recovered on a trial of this action at a Special Term.

*George W. Van Slyck,* for the appellants.

*Franklin Paddock,* for the respondents.

DANIELS, J. :

The action is prosecuted by the plaintiffs, as judgment creditors, to set aside as fraudulent a general assignment by the defendant, John I. Brooks, for the benefit of creditors. He was the surviving partner of the firm composed of himself and Edward C. Brooks, deceased. His partner died in September, 1883, and he himself carried on the business until this assignment was made on the 3d of March, 1884. It included so much of the partnership stock as still remained undisposed of, and such further goods as the assignor himself had purchased and added to the stock during this intervening period, and still remained unsold. By the assignment, preferences were made which were directed to be paid out of the proceeds of the assigned property, and the plaintiffs have objected to the legality of the assignment on the ground that the assignor could not in this manner devote his own individual property to the payment of debts owing by the firm of which he had been a member. But this objection cannot be sustained for the reason that the law permits a partner to appropriate his own individual property, as well as that of the firm, to the payment of partnership debts. This was considered and held in *Kirby* v. *Schoonmaker* (3 Barb. Ch., 46), and that principle was followed in *Hurlbert* v. *Dean* (2 Abb. Ct. of App., 429). It was also considered the law in *Egberts* v. *Wood* (3 Paige, 517, 526), and *Shanks* v. *Klein* (104 U. S., 18), seems to have proceeded upon the same understanding.

A further objection taken to the assignment is that the assignor, as surviving partner, had no authority to make it and include in it the property of the preceding firm. But this has been held otherwise in the case of *Williams* v. *Whedon* (39 Hun, 98), and in the still more recent case of *Emerson* v. *Senter* (118 U. S., 3). And these decisions, to some extent, certainly reduce the force and effect of *Nelson* v. *Tenney* (36 Hun, 327), which, however, did not dispose of the point now being considered.

A further objection to the assignment is that it has not provided for or directed the payment by the assignee of the individual debts owing by the assignor. But that, as a matter of construction, seems to be a misapprehension, for the assignment by its fourth paragraph directs the assignee not only to pay the other debts owing by the firm of John I. Brooks & Co., but also the debts against the assignor as the survivor of that firm. And this direction does include his individual debts; for, whatever may have been contracted by him since the dissolution of the firm, were his individual debts as the surving member, and describing himself as the survivor of the firm did not change their character or his liability upon them. Under this direction it would be the duty of the assignee to pay, not only the remaining debts of Brooks & Co., but also such debts as should be found to be owing from the assignor himself. The cases of *O'Neil* v. *Salmon* (25 How., 246) and *Crook* v. *Rindskopf* (34 Hun, 457), are entirely distinguishable from this point presented by this appeal. And so is that of *Collomb* v. *Caldwell* (16 N. Y., 484), inasmuch as the assignment does authorize and make it the duty of the assignee to pay all the debts of the assignor, whether owing by the firm or by him individually. And the obligation, after such payments, if the estate should prove sufficient for that purpose, is imposed by law of returning the surplus to the assignor. The case was disposed of at the trial, as the law required that to be done, and the judgment in this action, as well as in the other case heard with it, of *Spring* v. *Brooks*, should be affirmed.

DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed.