## KIRBY and others *vs.* SCHOONMAKER and others.

Where a partnership is dissolved by the death of one of the copartners, or where one or both of the copartners become bankrupt, or they are discharged under the insolvent acts, so that their property is placed in the hands of the assignees appointed by law to make distribution thereof, it is administered, in courts of equity, by applying the copartnership funds, in the first place, to the payment of the debts of the firm; and the individual funds of the several copartners to pay their individual debts respectively, before paying joint debts out of the same.

But where the copartners are administering their own funds, the copartnership creditors have no specific or preferable lien upon the joint funds; nor have the individual creditors any lien or priority of claim upon the separate property of their debtors.

It is only where neither the joint nor the separate creditors of the persons composing the firm can reach the property of their debtors, so as to obtain satisfaction by execution at law, that the equitable principle is applied of paying joint creditors out of the partnership property and individual creditors out of the separate property of their debtors; where there is not enough to pay both.

Kirby *v.* Schoonmaker.

Copartners may assign their individual property, as well as their partnership property, to pay the joint debts of the firm; thereby giving the creditors of the firm a preference, in payment out of the separate estate of the assignors, over the separate creditors.

And each copartner, with the assent of the others, has the corresponding right to give his individual creditors a preference in payment out of the share of the effects of the firm which, as between him and his copartners and without reference to the debts for which they are all jointly liable, is legally his own property.

Copartners may make an assignment of their respective interests in the partnership property to trustees, giving a preference in payment to the individual creditors of each copartner, out of his share of the partnership funds. But a partner who is insolvent and unable to pay the debts of the firm, has no right to assign his share of the partnership effects to pay the individual debts of his copartner, for which neither he nor his property is legally or equitably liable.

There is an equity existing between the members of an insolvent copartnership, by virtue of which any of them may insist that the copartnership effects shall be applied to the payment of the debts of the firm in preference to the payment of the private debts of the individual partners; and this gives to the creditors of the firm a quasi equitable lien upon the copartnership effects, if the members of the firm, or any of them, choose to give effect to such lien, by working it out for the benefit of the joint creditors.

But this equity of the members of the firm as between themselves, does not deprive them of the right to apply the partnership effects to the payment of their joint and separate debts as they please, provided no injustice is done to any of their creditors.

THIS was an appeal, by the complainant, from a decree of the vice chancellor of the second circuit, dismissing the bill of the complainants. J. B. Schoonmaker and L. Gasharie had been copartners in trade under the name of Schoonmaker & Gasharie, and as such copartners had become indebted to the complainants; who subsequently recovered a judgment for their debt, and an execution was issued thereon and returned unsatisfied. The object of this bill was to set aside an assignment which Schoonmaker and Gasharie had made, of all their individual and copartnership property for the payment of their debts. The assignment provided that, after paying, from the proceeds of the assigned property, a copartnership debt of $500, the assignees should pay out of L. B. Schermerhorn's joint or separate portion of the proceeds, $900 to his mother; $550 of which was his separate debt, and the residue was the debt of the firm. And it provided for the payment out of L. Gasharie's

joint or separate portion of such proceeds, $600 to his mother; which was his separate debt. These individual debts were for moneys loaned to the partners, severally, to put into the firm as capital. But whether any other capital was put into the firm by either party, or what the respective shares of the partners in the property of the firm would have been if it had owed no debts, did not appear. Nor was it stated in the complainants' bill what amount of individual property was embraced in the assignment, or to which of the members of the firm it belonged. The complainants merely alleged that if there was any individual property it was small, and not sufficient to pay the two individual debts provided for in the assignment. The answer, however, admitted that Gasharie had no individual property, and that the amount owned by Schoonmaker was worth only $150 at the time of the assignment. After payment of these three debts, the assignment directed the payment of two copartnership debts, and, if any surplus fund remained, that it should be paid to all the other creditors of the firm rateably. The cause was heard upon bill and answer.

*J. O. Linderman*, for the appellants.

*John Cole*, for the respondents.

THE CHANCELLOR. This bill is not properly framed to set aside the assignment as fraudulent. For no fraud is alleged; unless the mere fact of directing the payment of individual debts, out of copartnership property, rateably with and in preference to the debts of the firm, is necessarily a fraud upon the joint creditors, so as to render the whole assignment fraudulent. If the giving a preference to the individual creditors, or placing them upon an equality with the creditors of the firm, is merely inequitable in reference to a portion of the individual debts, but is not fraudulent, the bill should be filed in behalf of the complainants and the other creditors of the copartnership having a common interest with them. The only question for consideration in this case, therefore, is whether the case, as

stated in the bill of the complainants, rendered the whole assignment fraudulent and void, so as to authorize them to file a creditor's bill for their own benefit, and to set aside the assignment as void.

Where a partnership is dissolved by the death of one of the copartners, or where one or both of the copartners become bankrupt, or they are discharged under the insolvent acts, so that their property is placed in the hands of the assignees appointed by law to make distribution thereof, it is administered, in courts of equity, by applying the copartnership funds, in the first place, to the payment of the debts of the firm; and the individual funds of the several copartners to pay their individual debts respectively, before paying joint debts out of the same. (*Wilder* v. *Keeler*, 3 *Paige's Rep.* 167. *Hall* v. *Hall*, 2 *McCord's Ch. Rep.* 302.) But where the copartners are administering their own funds, the copartnership creditors have no lien upon the joint funds; nor have the individual creditors any lien or priority of claim upon the separate property of their debtors.

The copartners, however, have certain equitable rights between themselves, arising out of the copartnership, by which either can compel the other to have all the effects of the firm applied, in the first place, to the payment of the debts due from them as copartners. And this, as is said in the books, gives the joint creditors a quasi equitable lien upon the property of the firm, to be worked out through the medium of the equity of the copartners as between themselves, and with their assent; or, at least, with the assent of one of them. (*Story on Part.* §§ 97, 326, 360.) I do not understand this rule to go so far as to deprive the partners themselves of the power, while they have the legal control of their property, of distributing it among all their creditors in such manner as they see fit; provided no actual injustice is done to any of such creditors. The copartnership creditors have an unquestionable right, upon a judgment recovered against all the members of a firm, for a partnership debt, to levy upon the individual property of any one of the judgment debtors, as well as upon the partnership effects;

although such debtor should be insolvent, and not have the means to discharge his separate debts. (*McCulloh* v. *Dashiel,* 1 *Harr. & Gill's Rep.* 96. *Allen* v. *Wells.* 22 *Pick. Rep.* 450.) It is only where neither the joint nor the separate creditors can reach the property of their debtors, so as to obtain satisfaction by execution at law, that the equitable principle is applied of paying joint creditors out of the partnership property, and individual creditors out of the separate property of their debtors; where there is not enough to pay both.

Again; the co-partners may assign their individual property as well as their partnership property to pay the joint debts of the firm; thereby giving the creditors of the firm a preference in payment out of the separate estate of the assignors, over the separate creditors. And I can see no good reason why each co-partner, with the assent of the others, should not have the corresponding right to give his individual creditors a preference in payment out of the share of the effects of the firm which, as between him and his co-partners, and without reference to the debts for which they are all jointly liable, is legally his own property. The copartners certainly have the right to dissolve the partnership and divide the property of the firm between them, provided there is no intention of delaying or hindering their creditors in the collection of debts; thereby leaving their joint, as well as their separate creditors, to compete for a preference in payment. And if they may do this, they may make an assignment of their respective interests in the property to trustees, giving a preference in payment to the individual creditors of each copartner out of his share of the partnership funds.

That, as I understand it, is what has been done in this case. Gashaire had borrowed of his mother $600, which he had put into the firm as capital, and Schoonmaker had borrowed of his mother $550, which he had put in also, as capital. And all that the bill shows is that both assigned all their individual property and all the property of the firm, for the payment of their debts; giving a preference in payment to the creditors of the firm over their separate creditors, except as to these two

individual debts.   These debts were not directed to be paid out of the effects of the partnership generally, but the separate debt of each copartner was directed to be paid out of his portion of the proceeds of the joint property and of his separate property. What the share of each in the joint property was, does not appear.   But probably each was entitled to one half, as the amount of money loaned to each to put in as capital was about the same.   Upon this state of the case, and in the absence of any thing to show that there was an intention of defrauding the complainants, or any others of the creditors of the firm, the vice chancellor was right in not setting aside the assignment as illegal and void.

The case would have been entirely different if copartners, who were insolvent, and unable to pay the debts of the firm, either out of their copartnership effects or of their individual property, had made an assignment of the property of both to pay the individual debt of one of the copartners only.   For an insolvent copartner who was unable to pay the debts which the firm owed, would be guilty of a fraud upon the joint creditors if he authorized his share of the property of the firm to be applied to the payment of a debt for which neither he nor his property was liable, at law or in equity.   Here, however, it is not even alleged in the bill that the assignors were insolvent at the time of the assignment; though, I believe it appears by the answer, that the proceeds of the whole assigned property proved to be insufficient to pay all their debts.

The decree dismissing the bill of the complainants is therefore not erroneous; and it must be affirmed with costs.   And the injunction, which was retained until the decision of the appeal, must be dissolved.