## VAN ROSSUM *vs.* WALKER.

An assignment by copartners, of their individual property, as well as their partnership property, to pay the joint debts of the firm, is not, on that account, void.

A prohibition in the assignment, against the assignee's selling on credit, is not, *per se*, evidence of fraud. It may be that such a provision is an unwise one, and one that ought not to be countenanced; and when there are any circumstances which go to show that a forced sale was intended, to the injury of the creditors, it ought to be taken into consideration as an important item of evidence, which, in connection with the other circumstances, would justify the court in setting aside the assignment. But, *it seems*, that this is all the effect which should be given to such a provision.

A provision contained in such an assignment, for the return of the surplus to the assignors, after the payment of their debts, will not render the assignment void.

THIS was an appeal by the defendant, Frederick W. Walker, from an order made at a special term, denying a motion to dissolve an injunction granted by a judge at chambers, to restrain the defendant Walker, and his co-defendants Orlando Fish, Benjamin P. Middleton and Luke A. White, from proceeding to dispose of the property of the defendants, Fish, Middleton and White, or either of them, under color of an assignment made by them to the defendant Walker. The defendants Fish, Middleton and White, were partners, under the firm of Fish, Middleton & Co., and proprietors of the Howard Hotel in the city of New-York; and on the 16th of March, 1850, made an assignment to the defendant Walker, of " all their and each of their lands, tenements, goods, chattels, choses in action, merchandise, money, debts, dues, claims and demands, and evidences of debt, and property of every name and nature whatsoever, belonging to them individually or jointly, and wheresoever situated, except such as is by law exempt from levy and sale under execution:" in trust to the assignee, to take possession of all the property thereby assigned, "and sell and dispose of the same upon such terms and conditions as in his judgment may appear best, and most for the interest of the parties concerned, and convert the same into money, provided always, that the same shall not be sold on a credit." And to collect all debts, &c. and to

pay, *first*, all the copartnership debts, demands and liabilities whatsoever; *secondly*, to " pay and discharge all the private and individual debts of the said" Fish, Middleton and White, " and of each, any and either of them, whether due or to grow due ;" *lastly*, to " return the surplus of the said net proceeds and avails, if any there shall be and remain after the payment of the copartnership and individual debts, and all the just debts and liabilities of said" Fish, Middleton and White, " and of each and any of them aforesaid, to the said" Fish, Middleton and White, " their executors, administrators and assigns."

The complaint of the plaintiff stated, that on the 14th of May, 1850, he recovered a judgment in the supreme court against the defendants Fish, Middleton and White, for $2103,77, for moneys due on several promissory notes made by them as partners, using the style of Fish, Middleton & Co., to the plaintiff; that the judgment was docketed in the counties of New-York and Kings, and executions thereon issued and delivered to the respective sheriffs of those counties, and which were by them returned wholly unsatisfied; that said judgment remained in full force, and the amount thereof, with interest from May 14, 1850, was then actually due and owing thereon to the plaintiff, over and above all payments, set-offs and other matters of diminution. The complaint also alledged, upon information and belief, that the defendants, or some of them, had property which the plaintiff had been unable to discover and reach by execution; and also, upon information and belief, that Fish, Middleton and White, on the 16th of March, 1850, executed to the defendant, Frederick W. Walker, a deed of assignment; and that Fish, Middleton and White owed sundry individual debts, severally, and also had individual and several property, &c. and that they designed and intended by means of such assignment to hinder the plaintiff or any other creditor from obtaining full satisfaction of any debt against them or any of them; that the deed of assignment, by reason (among other things) of unlawful powers, trusts and provisions therein contained, and of matters appearing upon the face thereof, was unlawful, fraudulent and void. And the plaintiff demanded judgment against the defendants, and that

Van Rossum *v.* Walker.

the assignment be declared void as against the plaintiff, and that a receiver be appointed, and that an injunction issue against the defendants, &c.

The defendant Walker, in his answer, amongst other things, denied that the assignment was unlawful, fraudulent or void, as against the plaintiff, for any reason, or that it ought to be set aside, or in any way disturbed; and he alledged that on or about the 23d of March, 1850, he paid to the plaintiff, as his full share of a dividend, the sum of $106,60, which the said plaintiff received as such dividend, with full knowledge of such assignment, which he had never returned or offered to restore. The plaintiff, in his reply, denied that the payment was made to him, or received by him, as a dividend out of the assigned fund under the assignment mentioned in the complaint; and he also denied that he had knowledge, at that time, of said assignment. This reply was sworn to by the plaintiff on the 6th of December, 1850; and on the 18th of January, 1851, the defendant Walker made an affidavit, wherein he alledged that the payment which he made to the plaintiff, as before mentioned, was made out of funds received by him, Walker, under and by virtue of such assignment; that such assignment was then and there shown to the plaintiff, and either read or its contents stated to him; and that the plaintiff then signed and left with Walker a receipt, whereof a copy was set forth, and which stated the receipt, on "March 23, 1850, of F. W. Walker, assignee of Fish, Middleton & Co. $106,60 on account of said assignment." In a counter-affidavit, sworn to 31st January, 1851, the plaintiff stated that at the time of the payment made to him by the defendant Walker, he, the plaintiff, understood the same to be paid by Walker under an assignment or power made long previous to the 16th of the same month of March.

The motion to dissolve the injunction was argued at the March special term, 1851, before Mr. Justice Edmonds, who denied the motion; giving it as his opinion that the restriction put by the debtors in the assignment, on the sale of the property, prohibiting its being sold on credit, was one which they had no right to

impose. From this decision the defendant Walker appealed to the general term.

*S. P. Nash,* for the appellant.

*C. Tracy,* for the respondent.

*By the Court,* EDWARDS, J. There are two grounds on which the plaintiff in this case contends that the assignment in question is fraudulent and void ; first, that the individual property of the copartners is made liable in the first instance to the payment of the partnership debts ; and second, that the assignee is directed not to sell upon credit. The first question is settled by the decision of the chancellor in the case of *Kirby* v. *Schoonmaker,* (3 *Barb. Ch. Rep.* 46.)

If the assignment is void upon the second ground, it must be because its effect is to hinder, delay, or defraud creditors. It is well settled, that, as a general rule, it is the duty of the assignee to dispose of the assigned property at once ; and that, when it can be done consistently with the interests of the parties, it should be sold for cash. The question then arises, whether a specific direction to the assignee to do what is, *prima facie,* his duty, is, *per se,* evidence of fraud. It may be, that such a provision is an unwise one, and one that ought not to be countenanced, and when there are any circumstances which go to show that a forced sale was intended, to the injury of the creditors, it ought to be taken into consideration as an important item of evidence, which, in connection with the other circumstances, would justify this court in setting aside the assignment. But, it seems to me, that this is all the effect which should be given to such a provision.

It was also contended that the provision contained in the assignment for the return of the surplus, after the payment of the debts of the assignors, rendered the assignment void. In the cases cited in support of this proposition, *Barney* v. *Griffin,* (2 *Comst.* 363,) *Goodrich* v. *Downs,* (8 *Hill,* 38,) there was an assignment for the payment of a part of the debts of the assignor.

---

In this case, the assignment is for the payment of all the assignors' debts. I think that the order made at the special term should be reversed, without costs.

MITCHELL, J. concurred.

EDMONDS, P. J. dissented.

Order reversed.

[NEW-YORK GENERAL TERM, June 14, 1851. *Edmonds, Edwards* and *Mitchell*, Justices.]