# STEWART'S CASE.

*Surrogate's Court, New York County; May,* 1857.

MARSHALLING ASSETS.—INDIVIDUAL AND PARTNERSHIP DEBTS.

Upon a settlement of partnership affairs had after the death of S., one of the part-
ners, the firm was found insolvent, and a large part of the joint debts remained
unpaid.   In marshalling the individual assets of S. between the individual and
partnership creditors,—

   *Held,* that the partnership creditors could not be paid out of the separate es-
tate of the deceased until all separate debts were paid.   If any surplus remain
it should be applied to the payment of the partnership creditors, in which case
those that have received partial payment out of the partnership property must
bring in their dividends and share rateably with those who have not received
dividends, or else be excluded until the latter class have received a sufficient
amount to place them on terms of equality with the former.

In this State the rule is settled that joint creditors will not be permitted to reach
the individual estate of a deceased partner until all the separate creditors are
satisfied, and the exception maintained in England in case of no joint estate
and no solvent surviving partner, does not prevail here.

Equity will not interfere to impair the legal preference in regard to the legal as-
sets which appertains to the separate creditors at law.

THE SURROGATE.—The testator was a member of the firm of
J. J. Stewart & Co., and on the distribution of the sale of his
real estate a question arises as to the proper mode of marshalling
the assets between the individual and the partnership creditors.
On the decease of Stewart, his surviving partners settled the
affairs of the firm, and distributed the assets among the part-
nership creditors, but the firm being insolvent, a large portion of
the joint debts remained unpaid.   The surviving partner also
being insolvent, the only remedy remaining to the partnership
creditors, for the unpaid balances of their claims, is against the
estate of the testator, Stewart.   The question is, whether the
partnership creditors can come in and share rateably with the
separate creditors of Stewart, or must be postponed until the
separate creditors are paid.   It is well settled, both at law and
in equity, that the separate creditors of a partner of a firm can
reach only the interest of their debtor, or his proportion of the
surplus of the joint property remaining after payment of all the
partnership debts (In the matter of Smith, 16 *Johns.*, 102;

Moody *a.* Payne, 2 *Johns. Ch.*, 548). But in regard to the claims of the partnership creditors, there is a distinction between the legal and the equitable rule. At law, the partnership creditors may pursue both the joint and the separate estate for the satisfaction of their debts, which at law are considered both joint and several. On the death of one of the parties the legal right ceases against the deceased partner, and survives only against the surviving partner. A court of equity, however, will decree to joint creditors satisfaction of their claims, as against the representatives of the deceased partner, when by reason of the insolvency of the firm and of the surviving partner, no other remedy exists. Thus far the rule seems plain. But what are the rights of the joint creditors as against the separate creditors of the deceased partner, when the estate of the latter is insufficient to pay both classes of claims? Have the individual creditors a prior right to the individual estate, and are they entitled to be paid first, in preference to the joint creditors? The legal claim of the joint creditors against the separate property of the deceased partner is terminal by his death, but a remedy will be afforded in equity, according to equitable principles. The general doctrine is very clearly established in this State, that joint creditors will not be permitted to reach the individual estate of the deceased partner until all the separate creditors are satisfied. (Murray *v.* Murray, 5 *Johns. Ch.*, 60 ; Robbins *v.* Cooper, 6 *Ib.*, 186 ; Wilder *v.* Keeler, 3 *Paige*, 167 ; Egberts *v.* Wood, *Ib.*, 517, 527 ; Payne *v.* Matthews, 6 *Ib.*, 20 ; Jackson *v.* Cornell, 1 *Sandf.*, 348 ; Burtus *v.* Tisdall, 4 *Barb.*, 571.) The only exception to this rule, according to the English decisions, is where there is no joint estate and no solvent surviving partner, in which case the joint creditors will not be postponed, but will be allowed to come in rateably with the individual creditors. (Exparte Hayden, 1 *Bro. C. C.*, 454 ; Exparte Abell, 4 *Ves.*, 838 ; Exparte Pinkerton, 6 *Ves.*, 814, note ; Exparte Kensington, 14 *Ves.*, 447 ; Exparte Kendall, 17 *Ves.*, 521.) But this exception does not prevail if the joint estate, though insolvent, be able to pay a dividend, however inconsiderable. (Gray *v.* Chiswell, 9 *Ves.*, 124 ; M'Culloh *v.* Dashiell, 1 *Harr. & G.*, 96 ; *Gow. on Part.*, 408.) If there be any joint estate or fund, though of trifling amount, the joint debts are attached to that, and cannot receive dividends out of the separate estate *pari passu* with the separate creditors.

It is not easy to perceive the ground of distinction on which this modification of the exception is based. The general principle is, that the joint creditors are attached to the joint fund, and the separate creditors to the separate fund; but where there is no joint fund and no solvent surviving partner, so that the joint creditor is without remedy, then he may come in against the separate estate. The English courts of equity thus recognized both as against the representatives of the deceased partner and his individual creditors, the joint and several character of the partnership debts, when other remedies are exhausted, at the time of the death of the deceased partner. The fact that some dividend has been or may be received from the joint effects, does not change the joint and several character of the partnership debts, but only tends to effect the equitable marshalling of the separate assets. After the receipts of the dividend, there remains as to the balance due no remedy except against the separate estate, which, if there were no individual creditors, would be applied to the discharge of the balance. The principle upon which this rule is based would seem to be satisfied if the joint creditors bring in the dividend received from the joint estate, place it in a common fund, out of which all are to share alike, and relinquish the advantage of having claims, joint as well as several, in their nature. To say that the joint creditor may resort to the separate estate, when there is no joint fund and no solvent partner, but cannot resort to it if he has happened to realize one mill on the dollar, would appear to establish a distinction more technical than just. If the dividend is brought in, the ground of the distinction ceases, no priority or advantage is gained, and all the demands are placed on a common ground of equality. In this State, however, the distinction of the English courts of equity on this subject has not prevailed in regard to the general rule. In Wilder v. Keeler (3 Paige, 167), the chancellor held, that although the joint creditors upon an allegation of the insolvency of the surviving partners have an equitable right to compel a satisfaction of their debts out of the estate of the deceased partner, this equity exists only against the heirs and representatives of the deceased, but not against his separate creditors; that if the joint creditors have received nothing on account of their debts since the death of the decedent, the equities between the joint and separate creditors may be equal; but

even in such a case the court has no power to deprive the separate creditors of their former rights and legal assets. The same principle was again asserted in Egberts v. Wood (3 *Paige*, 517); in Payne v. Matthews (6 *Ib.*, 20); Kirby v. Schoonmaker (3 *Barb. Ch.*, 46). The principle that equity will not interfere to destroy or impair the legal preference in regard to legal assets, which appertains to the separate creditors at law, is sound, and it established such a basis of distinctions as admits of a clear and consistent course of reasoning, and prevents any confusion. (See Trustees v. Lawrence, 11 *Paige*, 80; Jackson v. Cornell, 1 *Sandf. Ch.*, 348.) Whether, therefore, the assets in the present case are to be treated strictly as legal assets, or ought to be marshalled according to equitable principles, the joint creditors cannot be permitted to have their debts paid out of the separate estate of the deceased partner until all the separate debts are paid. If, after such payment be made, any surplus remains, then it may be applied to the payment of the partnership creditors; and in that case those who have received partial payment out of the partnership property, must bring in their dividends, and share rateably with those who have not received dividends, or else be excluded until the latter class of partnership creditors have received a sufficient amount to place them on terms of equality with the former.