## SUPREME COURT.

DAVID O'NEIL, respondent agt. DANIEL O. SALMON and others, appellants.

Where an *assignment for the benefit of creditors*, made by *copartners* of all their *copartnership and individual property*, providing for the payment, first, of copartnership debts, and second, for the payment of all their private and individual debts, if the property be sufficient, and if not sufficient then to be applied *pro rata* share and share alike; the amounts respectively of the individual debts of the assignors being *unequal*, and the assignors being insolvent both as copartners and individuals:

*Held*, that the assignment was *fraudulent and void*. An insolvent assignor cannot divert his own property from his own *individual creditors*, and appropriate it to the payment of the *debts of his co-assignors*, for which he nor his property are liable.

*Fifth District General Term, April*, 1863.

ALLEN, BACON and MORGAN, *Justices*.

APPEAL from a judgment rendered upon the decision of Justice MORGAN, by whom the cause was tried at special term in June, 1862. The action was by a judgment creditor to set aside an assignment in trust for the benefit of

creditors, made by Daniel O. Salmon and Dwight Salmon to Cornelius Shirley and Joseph A. Scoville, upon the ground that it was fraudulent as to creditors. The assignors were copartners, and the assignment was of all their property, copartnership and individual. The amounts in value respectively of the individual property of the assignors, conveyed by the assignment, were unequal. The assignment, after provisions for the payment of the copartnership debts, contained the following: " *Thirdly.* By and with the residue and remainder of the said net proceeds and avails, if any there shall be, the said party of the second part shall pay and discharge all the private and individual debts of the parties of the first part, or either of them, whether due or to fall due, provided such remainder shall be sufficient for that purpose ; and if insufficient, then the same shall be applied *pro rata* share and share alike, to the payment of the said debts according to their respective amounts." The amounts respectively of the individual debts of the assignors were unequal. The assignors appeared by the proof to be and were found to be insolvent, both as copartners and individuals. It did not appear whether or not, after payment of the copartnership debts, there would remain any surplus. The plaintiff, in accordance with the decision of the learned judge who tried the cause, had judgment declaring the assignment fraudulent and void as to creditors, and appointing a receiver, &c.

The following is the opinion given by Judge MORGAN at special term :

MORGAN, Justice. The assignment conveys all the company and individual property of both parties to Shirley and Scoville in trust—first, to pay the expenses of the assignment ; second, to pay certain company debts, which are preferred ; third, to pay all the other partnership debts ; and fourth, to pay all the individual debts of the

copartners, if there shall be sufficient surplus, otherwise *pro rata*, according to the respective amounts of each.

' The evidence shows that the partnership was insolvent, and that neither partner had separate property sufficient to pay his individual debts. It also appears from the evidence that the individual debts of Daniel O. Salmon are much larger than those of Dwight Salmon.

The counsel for the plaintiff now insists that the assignment is fraudulent as to the company creditors, who have not assented to it, as well as to the individual creditors of the partners. This is claimed to be the legal result of the authorities.

It is claimed that in case of insolvent partners the company creditors have an equitable lien upon the copartnership effects in preference to the creditors of the separate partners, and the creditors of the individual partners have an equitable lien upon the separate effects of the partners in preference to the company creditors. And I think the authorities sustain this view of the case. (3 *Kent's Com.,* 64, 65, *marginal paging*; *Wilson* agt. *Robertson,* 21 *N. Y.,* 587.)

It would therefore be a fraud upon the individual creditors of Dwight Salmon to subject his individual property to the payment of the company debts in preference to his individual debts. If the property assigned should not be sufficient to pay his individual creditors, this assignment would withdraw his property from those who have the best claim upon it, and subject it to the payment of the company debts.

The assignment did direct his individual property to pay the individual debts of Daniel O. Salmon in equal ratio with his own, without regard to the proportionate amount of his individual property, which they subsequently conveyed to their assignees. In this way, Dwight Salmon's individual property is made to pay Daniel O. Salmon's debts before his own are paid in full.

This is a clear fraud upon the individual creditors of Dwight Salmon, if the property should be insufficient to pay in full, and I think it must be assumed that it will prove insufficient if there is not property enough to pay the company and individual debts of the assignees in full. What right had they to take Dwight Salmon's property to pay Daniel O. Salmon's debts, before his own were paid in full ? None at all.

But it is quite plain that the copartnership creditors are benefited by this assignment, if it can be carried out, as their debts are to be paid out of the individual property of the partners, as well as out of the company property, before any of it is devoted to the payment of the individual debts of the assignors.

The plaintiffs are company creditors, and the question arises whethter they are in a position to allege fraud, or whether the court will set aside the assignment at their instance and request, for the reason that it is calculated to defraud the individual creditors of the assignors. The assignment is doubtless good as between the parties. (*Porter* agt. *Williams,* 5 *Seld.,* 142.) But as a general rule it is laid down as good law, that an assignment which is void in part, as being intended to delay or defraud creditors, is void *in toto,* and no interest passes thereby to the assignees as against creditors who do not assent to it. (*Mackin* agt. *Canes,* 5 *Cow. R.,* 547 ; *Wakeman* agt. *Green,* 4 *Paige,* 23 ; *Goodrich* agt. *Davis,* 6 *Hill,* 438 ; *Rogers* agt. *De Forest,* 7 *Paige,* 277.) The CHANCELLOR remarked, that when a deed or instrument is declared void by statute on account of some illegal or fraudulent provision contained therein, all the provisions of such deed or instrument must fall together. And in *Leitch* agt. *Hollister,* (4 *Com.,* 211,) it was said that " the assignment may be avoided by any creditor, whether provided for or not, who has not voluntarily become a party to the trust, or by his own act ratified and confirmed it. It must, when executed, bind all or

none of the creditors of the assignor. Otherwise the creditors of one for whom provision was made by a fraudulent trust without his agency, would be worse than if he had been excluded altogether." *Wilson* agt. *Robertson*, (21 *N. Y.*, 587,) the assignment was by copartners, and it provided for the payment, from the assets of the firm, of the private debts of one of the assignors, in preference to the debts of the firm, said firm being insolvent. The assignment was held void in all its premises, because the partnership effects were assigned to pay preferred parties' debts of one of the partners, for which neither the firm nor his copartner were liable. True, the action was by the creditors of the firm who were injured by the fraud; but the judge who delivered the opinion of the court very strongly intimated his opinion that the trust, being for the benefit of the assignors or one of them, was void as to creditors under the statute declaring " all transfers and assignments of goods, &c., made in trust for the use of the person making the same, void as against the creditors of said person." (2 *R. S.*, 135, § 1.) In *Collomb* agt. *Ca dwell*, (16 *N. Y.*, 484,) the assignors were partners, and assigned both as partnership and individually in trust, to pay the debts of the firm in certain order, with a reservation of the surplus, if there was any. And it was held that this reservation made the assignment void as to the *individual* creditors of the assignors. Nothing was determined as to the point involved in this case. In *Van Rossum* agt. *Walker*, (11 *Barb.*, 237,) the assignment was of the company and individual property in trust to pay the just debts of the company, and *secondly, to pay the private debts of the copartners*, and lastly, to return the surplus to the assignors. It is quite clear that the same objection might have been taken to that assignment as to the one in question, but the point is not noticed either by the counsel or the court. The assignment in that case was held valid, notwithstand-

O'Neil agt. Salmon.

ing the provision contained in it for the return of the surplus to the assignors.

I can find no case where the company creditors of an insolvent firm have attacked an assignment because it contained a trust in favor of the copartnership creditors in fraud of the individual creditors of one of the firm.

I think such provisions are common in assignments, and have generally passed through the courts unchallenged by the company creditors. The reason may be that such provisions are favorable to the company creditors, subjecting the individual as well as the company property to the payment of the company debts, before providing for the private debts of the assignors.

But I cannot resist the conviction that such an assignment may be evaded by the company creditors as such, or the individual creditors of the assignors.

The authorities, so far as they reflect at all, pronounce such an assignment fraudulent and void as to all creditors who do not assent to its provisions. (*See* 4 *Com.*, 211 ; 20 *How.*, 121.)

Upon this ground I think the plaintiffs are entitled to judgment.

From this judgment the defendants appealed.

GARDNER & BURDICK, *for appellants.*
HUNT & GREEN, *for respondents.*

ALLEN, Justice. When the law marshals and distributes the individual and copartnership assets of the different members of a firm, it has respect to the several equities of the creditors of the firm and its individual members respectively. In that case the copartnership assets are in the first place applied to the payment of the firm debts, and the individual funds of the several copartners to the payment of their respective individual debts. But this rule does not limit or restrict the copartners in adminis-

tering their own funds, for the reason that there is no recognized lien or priority of claim in favor of the several classes of creditors upon the different funds and classes of assets belonging to their debtors. (*Kirby* agt. *Schoonmaker*, 3 *Barb. Ch. R.*, 46 ; *Van Rossum* agt. *Walker*, 11 *Barb.*, 237 ; *Smith* agt. *Howard*, 20 *How.*, 121.)

It is no exception to a departure from this principle, that an assignment of the partnership property by an insolvent firm in trust for the payment of debts, giving preference to the creditors of individual members of the firm, is void as fraudulent against creditors of the firm, as was well decided in *Wilson* agt. *Robertson*, (21 *N. Y. R.*, 587.) The reasons are obvious, and are fully elaborated by Judge WRIGHT in the case cited. It is an appropriation of property of the firm to the payment of a debt or debts for which some of the members of the firm are not liable, and to the payment of which their property cannot be appropriated without committing an actual fraud upon those proper creditors. But neither the reason nor the rule applies to an appropriation of individual property, under the same circumstances, to the payment of a firm debt. Each partner is liable, and all his property, both partnership and individual, is pledged to the payment of the partnership as well as the individual debts, and all that his creditors can demand is that his property be appropriated to the payment of his debts ; and it is no fraud upon any to prefer one class to another. (*Grover* agt. *Wakeman*, 11 *W. R.*, 187.) The debts preferred may be those for which he is liable jointly with others, or severally and alone. The only question is, whether he is liable, and if so, the setting apart of his property to them cannot be fraudulent. If this were the only ground of impeachment, therefore, I am of the opinion that the assignment would have been good, (*and see* 6 *Duer*, 83.) But it is conceded that the assignors were insolvent, both as individuals and copartners, owing debts in each capacity beyond their ability to pay.

Their individual debts were unequal in amount, and each assigned individual property of different amounts and values, and, after the payment of the partnership debts, directed the avails and proceeds of all the assigned property to be applied in payment of their individual debts *pro rata*, according to the amounts of the several debts. In other words, each assignor, being insolvent, diverted his own property from his own individual creditors, and appropriated it to the payment of the debts of his co-assignors, for which he was not liable, and to the payment of which his property could not by law be subjected. This is a palpable fraud, and the assignment deliberately providing for it, it cannot be upheld ; and the fact that there may be no surplus after the payment of the partnership debts, and therefore no actual diversion and misapplication of the individual property of either, cannot aid the assignment. The provision is incontrovertible evidence of the fraudulent intent, and cannot be explained. (*Collomb* agt. *Caldwell*, 16 *N. Y. R.*, 484; *Leitch* agt. *Hollister*, 4 *Com.*, 211; *Kirby* agt. *Schoonmaker, supra ; Smith* agt. *Howard, supra ; Wilson* agt. *Robertson, supra.*)

An assignment void in fact for fraud is void *in toto*. The fraud taints and vitiates the whole. (*Mackie* agt. *Cairns*, 5 *Cow.*, 547; *Hyslop* agt. *Clark*, 14 *J. R.*, 458; *Grover* agt. *Wakeman, supra ; Goodrich* agt. *Downs*, 6 *Hill*, 438; *Barney* agt. *Griffin*, 2 *Com.*, 365.) Any creditor may avail himself of the objection, whatever his relation to the trust may be, if he has not assented to it and accepted a benefit under it. (*Leitch* agt. *Hollister ; Smith* agt. *Howard, supra.*)

The judgment must be affirmed, with costs.

BACON, J. It is unquestionably true that in the case of insolvent partners the creditors of the copartnership have an equitable lien upon the partnership effects, in preference to the creditors of the separate partners ; and in like manner the creditors of the individual partners have a

similar lien on the separate effects of the partners, in pre-
ference to the company creditors.

The assigment in this case was upon the trusts—first, to
pay certain preferred company creditors; secondly, all the
other partnership debts; and thirdly, all the individual
debts of the separate partners, if enough should be left for
that purpose.    The assets assigned were the copartnership
effects and those of the individuals, which were of different
amounts, as were their debts.

Such an assignment cannot be upheld.    It would be a
fraud upon the individual creditors of one of the partners to
subject and devote his property to the payment of the debts
of the copartnership, in preference to his own individual
debts.    It withdraws his property from those who have
legally and morally the best claim upon it, and appropri-
ates it to the payment of the company debts.    There is no
doubt that in such a case the assignment would be at once
declared fraudulent, upon the application of an indivi-
dual creditor.    The plaintiff, here, is a creditor of the firm,
and he files his bill setting up this fact, and praying that
the assignment may be declared void, and asking for a
receiver, and that payment of his judgment may be or-
dered, and for further relief.    The simple question is, can
the plaintiff, being as he is a partnership creditor, ask this
relief?

The obvious impression at the first glance would be, that if
the assignment should be permitted to stand, the copartnėr-
ship creditors would be benefited by having the individual
as well as the company property devoted to the payment
of their debts, and thus likely to realize a larger dividend
than they would otherwise obtain.    How then, it may be
asked, are they hindered, delayed or defrauded by this
assignment, since as to them it seems to be more favorable
than if it had not contained this provision?    The answer
is, that the assignment contains a provision that upon its
face makes it fraudulent in law, and having this vice,

from which it cannot be purged, the whole instrument is defective, and is by the statute declared fraudulent and void ; for whenever the legal effect of any provision of an assignment is to defraud any of the creditors of the assignor, the whole assignment is void.

Although it may be difficult to find the precise case in the books, where an assignment like this has been declared void upon the application of a partnership creditor, yet such is, I think, the clear result of the principle enunciated by the authorities, so far as they have spoken upon this subject. Thus, in *Rogers* agt. *De Forest*, (7 *Paige*, 277,) Chancellor WALWORTH says : " Where a deed or instrument is declared void by statute on account of some illegal or fraudulent provision contained therein, all the provisions of such deed or instrument must fall together."

In the case of *Curtis* agt. *Leavitt*, (15 *N. Y.*, 9,) Judge COMSTOCK discusses at some length, and with his usual ability, the proposition whether it be true that that which is void in part is void *in toto*, and arrives at the conclusion that it is the expression of no general rule of law, but that, on the contrary, the general rule is, that the good shall stand, although mixed with the bad. But he at the same time concedes, and indeed affirms, some exceptions to this rule, and they are : 1, where a statute expressly declares a whole deed or contract void ; and 2, where there is some pervading vice which infests all parts of the agreement, as fraud, for example, so that no separation can be made. At page 123, he says : " If a statute in terms declares an entire conveyance void which has in it one such vicious element, then it is all void, because the legislature has chosen to make it so."

In *Leitch* agt. *Hollister*, (4 *Com.*, 211,) the court of appeals declare that an assignment may be avoided *by any creditor*, whether provided for or not, who has not voluntarily become a party to the trust, or by his own act ratified and confirmed it. It must, when executed, *bind all or none of*

*the creditors of the assignor.* Otherwise the condition of one for whom a provision is made by a fraudulent trust, without his agency, would be worse than if he had been altogether excluded."

I think it then clear, that the plaintiff is entitled to come into court and ask that this assignment be declared void. If it be said that the plaintiff is not hindered or defrauded, because in all probability the fund from which he is to receive his dividend will be increased by the very provision of which he complains, I reply, he is hindered, because, by the interposition of this fraudulent assignment, the property to which he might otherwise resort for the satisfaction of his judgment is sought to be placed beyond his reach, and his regular and legal remedy is unlawfully interfered with, and thus he comes precisely within the category contemplated by the statute when it put the seal of its condemnation upon such conveyances. See *Smith* agt. *Howard*, (20 *How.*, 121,) where it is held in the superior court of Buffalo that a creditor provided for in a prior clause of an assignment may avoid it by reason of just such a provision as was incorporated in this assignment.

The idea that although the third trust in the assignment is void, the assignment is valid as to all else, although it has at times derived some countenance from what has rather loosely fallen from judges in the course of their opinions, is not sustained by any well adjudicated case, and is now understood to be wholly repudiated. It has no ground of principle or authority to stand upon.

The judgment should be affirmed.