the defendant had a license from the complainant, the motion was denied.

[In equity. Bill by Eben J. Beane against Thomas M. Orr and others to restrain infringement of a patent. Heard on motion for a preliminary injunction. Denied.]

Geo. L. Roberts, for complainant.

R. M. Morse, Jr., and C. W. Sumner, for defendants.

## Case No. 1,177.

### In re BEAR et al.[1]

District Court, S. D. New York. Dec. 23, 1879.

BANKRUPTCY—ASSIGNMENT FOR BENEFIT OF CREDITORS — FAILURE TO FILE PROPER INVENTORY— EXECUTION CREDITOR—VALIDITY OF LEVY.

[1. A paper signed and verified by one of three partners, and purporting to be a schedule of all the creditors of the firm, and an inventory of all the estate of the copartners, both joint and several, but which fails to show the assets or liabilities of the signing partner, or the assets of one of the nonsigning partners, and which contains no statement that such liabilities or assets do not exist, and which does not purport to be made with the knowledge or consent of such nonsigning partners, nor to state the occupation, residence, or place of business of the members of the firm, or any of them, nor the residence of their assignee, does not comply with Laws N. Y. 1877, c. 466, as amended by Laws 1878, c. 318, relating to assignments for the benefit of creditors, and requiring the assignors to file an inventory or schedule containing the name, occupation, place of residence, and place of business of the debtor, the name and place of residence of the assignee, a true and full account of all the creditors, their residence, amount and consideration of their debts, etc., and a true and full inventory of the debtor's estate, together with an affidavit by the debtor that the same is just and true.]

[2. The statute further provides that, if the inventory prescribed shall not be made and filed within 30 days, the assignment shall be void. Held, that the failure to file a proper inventory rendered the assignment void as to execution creditors who had levied upon the property of the firm in the possession of the general assignee subsequent to the 30 days within which the statute required the inventory to be filed, and prior to the filing of a petition in bankruptcy by the assignors.]

[Cited in Hunker v. Bing, 9 Fed. 280.]

[3. The assignment being operative until the time within which the inventory might have been filed by the assignors had expired, there was no interest in the debtor, to give effect to a levy made within that period. In re Croughwell, Case No. 3,440, followed.]

[4. The assignment was void as to the firm property, as well as to the individual estate of the nonsigning members of the firm.]

[5. An adjudication in bankruptcy relates back to the filing of the original petition, and not to the time of an ancillary petition filed to correct an irregularity, and a levy after the filing of the original petition gives no lien.]

[In bankruptcy. In the matter of Isaac Bear, Philip Bear, and Samuel Bear, bankrupts.

[For subsequent proceedings on behalf of creditors of the bankrupts, see 5 Fed. 53; 7

---

[1] [Not previously reported.]

Fed. 583; 8 Fed. 428, 429. For accounting of the general assignee, see Hunker v. Bing, 9 Fed. 277.]

George Bell, for creditor.
F. W. Hinrichs, for assignee.

CHOATE, District Judge. The question in this case is whether an execution creditor has acquired a lien on the goods of the bankrupts, the proceeds of which have been paid into court subject to such lien, if it exists. The bankrupts, Isaac Bear, Philip Bear, and Samuel Bear, carried on business in New York city as copartners. On the 2d of January, 1878, the bankrupts made a general assignment of their joint and individual estates for the benefit of their creditors. This assignment is not objected to by the execution creditor, either in form or in substance, as being invalid under the laws of New York, except by reason of the alleged failure to comply with the statute in the matter of filing an inventory. See the statute, (Laws N. Y. 1877, c. 466, since amended by Laws N. Y. 1878, c. 318.) The statute requires the debtor making the assignment within twenty days thereafter to file an inventory or schedule containing the name, occupation, place of residence, and place of business of the debtor, the name and place of residence of the assignee, a true and full account of all the creditors, their residence, amount and consideration of their debts, etc., and a true and full inventory of the debtor's estate, and an affidavit made by the debtor that the same is in all respects just and true. In case the debtor shall omit to file such schedule or inventory within twenty days, the assignee may within thirty days after the date of the assignment make and file such inventory and schedule, so far as he can. The statute then provided that "in case an inventory shall not be made and filed within thirty days by the debtor or the assignee the assignment shall be void." On the 15th of January, 1879, a document purporting to be an inventory was filed. It was signed and verified by one of the assignees only, Samuel Bear. It purports to be and is sworn in the affidavit to be a schedule of all the creditors of the firm, as required by the statute, and an inventory of all the estate of the copartners, both joint and several. It contains a schedule of individual liabilities of Isaac Bear and of Philip Bear, and of assets of Isaac Bear. It contains no schedule of liabilities of Samuel Bear, nor of assets of Samuel or Philip Bear, nor does it contain any statement that such liabilities or assets do not exist, except so far as that may be inferred as to the assets from the affidavit of Samuel Bear above referred to. Between the 15th of January and the 9th of March, 1878, the creditor, having recovered judgment, levied his executions on the stock of goods formerly in the possession of the debtors, but which had been delivered to,

and were at the time of such levies in the possession of, the assignee, and he now claims that these levies gave him a lien thereon, not affected by the subsequent bankruptcy. The petition in bankruptcy was filed March 11, 1878. The assignment has been set aside at the suit of the assignee in bankruptcy as being fraudulent under the bankrupt law; and, under the rule declared in the case of In re Beisenthal, the intervening levies give no liens as against the assignee in bankruptcy, unless the assignment was void by the law of New York as against the execution creditor. In re Beisenthal, [Cases Nos. 1,235 and 1,236.] It is claimed that the assignment is made void by the statute for the following defects in the inventory or schedule; that it was not signed or verified by Isaac Bear or Philip Bear, nor did it purport to be made with their knowledge or consent; that it did not state the occupation, place of residence, or place of business of the assignors, or any of them; that it did not state the residence of the assignee, nor contain a schedule of the individual creditors or estate of Samuel Bear, nor an inventory of the individual estate of Philip Bear; that, while stating the individual estate of Isaac Bear, it was not signed or verified by him. The 25th section of the statute provides that the court, where this assignment is recorded, "may exercise the powers of a court of equity in reference to the trust and any matters involved therein."

The question is whether the filing of an inventory defective in the particulars stated made the assignment void at the expiration of thirty days from its date. That it was not, in case it then became void, made void ab initio, by relation back, was held in the case of In re Croughwell, [Case No. 3,440.] There is no evidence of fraud, unless it is to be inferred from these defects in the inventory, and the care with which the inventory was in other respects prepared seems to show an intention to comply with the statute. It is urged that the general equity powers given to the court by the 25th section of the act are sufficiently large to allow all necessary amendments of the inventory, if it does not in all respects conform to the statute. I am unable to see, however, how the court, in the exercise of such a power, can dispense with or obviate the want of an inventory, where the statute expressly declares that if no inventory is filed the assignment shall be void. This would be to make of no effect this positive provision of law. The question, therefore, is whether there was an inventory filed, within the meaning of the statute. The inventory filed cannot be considered as a schedule of the debts of Samuel Bear. It does not purport to be so. In view of what it contains and what it omits, the fact that it is not sworn to by Philip Bear and Isaac Bear is fatal to the inventory as an inventory of those debtors' individual estates. It seems to me impossible to hold it

is in substantial respects such an inventory as those assignors were required to file. It clearly was the intention of the statute that the debtor should verify the inventory. Among the separately enumerated things to be contained in it is the affidavit of the debtor to its truth. In no sense as to the individual estate of Philip and Isaac Bear can their copartner Samuel Bear be deemed to have had any authority whatever to verify the inventory for them, and I see no escape from the conclusion that as to their individual estates the assignment became void at the end of the thirty days because the debtors did not file such an inventory as the law requires, nor, upon their omission to do so, did the assignee file, as he might have done, an inventory such as he was able to make out for them. I think, upon the authorities, that the substantial requirements of the statute in such a case must be complied with, or the assignment will be held to be necessarily fraudulent as against creditors. The requirements of the statute are for the security of creditors against secret and fraudulent assignments. Juliand v. Rathbone, 39 N. Y. 369. The fair construction of the statute is that, if the assignee does not within twenty days file an inventory substantially such as is described, the assignee may have 60 days' further time to make and file the same as well as he can, otherwise the assignment fails. If this assignment is void as to the individual estates of Isaac and Philip Bear, can it be sustained as to the firm property? It seems not. Firm creditors have an interest under the assignment in the possible surplus of the individual estates, and it is impossible to uphold the instrument in part and avoid it in part, the rule being that where a statute in terms declares a deed or instrument void on account of some illegal or fraudulent provision contained therein, or some vicious element or fault in it, then it is void in toto, because the legislature has seen fit to make it so. O'Neil v. Salmon, 25 How. Pr. 255, and cases cited. The levies made, therefore, between the expiration of the thirty days and the filing of the original petition in bankruptcy, gave the execution creditor valid liens on the property.

It is also claimed that the adjudication in bankruptcy does not relate back to the filing of the original petition in bankruptcy, but only to the time of filing the ancillary petition, because it is said that one of the original petitioning creditors did not sign the petition, the name of the creditor in the petition being "A. Fleischmann & Co.," and the signature being "A. Fleischmann." There is nothing in the point. A. Fleischmann & Co., with the other petitioning creditors, appeared by their attorney. They were the parties petitioning, and, even if A. Fleischmann & Co. had not signed at all, it would be, at most, a mere irregularity in practice, not affecting the jurisdiction. The statute does not in terms require the petitioners all to sign in order to give the court jurisdiction to entertain the petition. Therefore, the levy after the filing of the petition gave no lien. As to the first levy, which was within the twenty days on the authority of Croughwell's Case, ut supra, the assignment was then operative, and there was no interest in the debtor to give effect to the levy.