NATHAN BECKER, APPELLANT, *v.* JACOB LEONARD, RESPONDENT, IMPLEADED WITH PETER W. BAIN AND OTHERS.

42h 221
59ad388

*General assignment by partners — when it includes individual as well as partnership property — right of the partners to pay out of their individual property partnership, in preference to individual creditors — when the right to recover property fraudu-lently transferred by an assignor passes to the assignee.*

In January, 1876, " Peter W. Bain and William H. Bain, copartners, doing business under the firm name of P. W. Bain & Son," executed a general assignment to V. H. Youngman, which, after reciting that the parties of the first part are indebted, etc., proceded to state that the parties of the first part do grant, assign and transfer to the party of the second part all and singular the real and personal estate of the parties of the first part in trust to sell, and with the net proceeds pay, first all the debts of the parties of the first part, as such copartners, and second all the private and individual debts of the parties of the first part, provided the respective amounts of the individual debts of each of the said parties does not exceed his portion of the surplus, provision being made that no part of the surplus due one partner shall be applied in payment of the debts of the other.

*Held,* that the assignment contemplated the appropriation of all the partnership and individual property of each partner, first, to the payment of the partnership debts, and, second, the surplus, if any due each partner, to the payment of his individual debts.

That it was not made fraudulent against the individual creditors of either partner, because his individual property was appropriated to pay partnership debts, as each individual partner is individually liable for partnership debts. and so long as he has the disposing power over his individual property he can apply it to that purpose.

This action was brought by the plaintiff, who had recovered, in December, 1878. a judgment upon an individual indebtedness of Peter W. Bain, existing prior to the assignment, to recover money placed in the hands of the defendant by Peter W. Bain, at the time the assignment was made, in order that it might be withheld from his creditors. The defendant paid the money to the assignee in August, 1876.

*Held,* that the action could not be maintained, as the fund in the hands of the defendant passed to the assignee by the assignment.

That the assignee was not a necessary party to this action.

APPEAL from a judgment in favor of the defendant Jacob Leonard, entered upon the trial of this action at the Albany Circuit by the court without a jury.

*George W. Miller,* for the appellant.

*Hungerford & Hotaling,* for the respondent.

LANDON, J.:

In January, 1876, Peter W. and William H. Bain, copartners. made a general assignment to V. H. Youngman, for the benefit of their creditors, both copartnership and individual. Youngman accepted the trust, and is still acting as assignee. At the date of the assignment the defendant, Leonard, held $1,790.45 of the individual money of Peter W. Bain, one of the assignors. This sum Peter W. Bain placed in defendant Leonard's hands for safe keeping, before the assignment was made, and with the view to withhold it from his creditors. In August, 1876, the defendant Leonard paid this money to Youngman, the assignee.

The plaintiff is the judgment-creditor of Peter W. Bain, with execution unsatisfied. His judgments were obtained in December, 1878, upon the individual indebtedness of Peter, existing prior to the general assignment, and he seeks in this action to reach the

money that was placed in the hands of the defendant Leonard by Peter W. Bain. The trial court gave judgment for the defendant Leonard upon the ground that the fund in the hands of defendant Leonard passed by the assignment to Youngman, the assignee.

It is obvious that if Youngman acquired by the assignment the right to the fund, then the plaintiff cannot reach it in this action. (*Crouse* v. *Frothingham*, 97 N. Y., 105.) The payment of the money by defendant Leonard to the assignee does not seem to be material, for if the assignee had no title to it then defendant Leonard, notwithstanding his payment, must account for it to the plaintiff, if plaintiff's title be established. The plaintiff insists that the assignment by Peter W. and William H. Bain was of their copartnership property, and not of their individual property, and therefore did not embrace this fund.

We have carefully examined the assignment, and conclude that it does convey the individual as well as the partnership property of the assignors. It is expressed to be an " indenture made the 8th day of January, 1876, between Peter W. Bain and William H. Bain, copartners, doing business under the firm name of P. W. Bain & Son, parties of the first part, and Vreeland H. Youngman, party of .the second part." It then recites that " the parties of the first part are indebted," etc. The counsel for the plaintiff insists that the assignment is substantially like the one in *Morrison* v. *Atwell* (9 Bos., 503) which was held not to include individual property. The corresponding recital in the case cited is " the said copartnership is justly indebted," etc. This assignment then proceeds : " The parties of the first part  *  *  *  do grant, assign and transfer to the party of the second part, all and singular, the real and personal estate  *  *  *  of the parties of the first part  *  *  * in trust to sell,  *  *  *  and with the net proceeds  *  *  *  pay first all the debts  *  *  *  of the parties of the first part, as. such copartners, etc. ; second,  *  *  *  all the private and individual debts of the parties of the first part,  *  *  *  provided the respective amounts of the individual debts of each of the said parties does not exceed his portion of the surplus," and provision is then made that no part of the surplus due one partner shall be applied in payment of the debts of the other.

We think this assignment contemplated the appropriation of all

the partnership and individual property of each partner, first, to the payment of the partnership debts, and second, the surplus, if any due each partner, to the payment of his individual debts. The description of the assignors, and the language of the granting clauses of this assignment, are similar to that employed in the following cases, in which it was held that the individual property of the copartners was included. (*Eastwood* v. *Ward*, 35 Law Times [N. S.], 502; *Williams* v. *Hadley*, 21 Kans., 350; 30 Am. R., 430; *Judd* v. *Gibbs*, 3 Gray, 539.)

The assignment is not made fraudulent against the individual creditors of either partner, because his individal property is appropriated to pay partnership debts. Each individual partner is individually liable for partnership debts, and so long as he has the disposing power over his individual property, he can apply it for that purpose. (*Smith* v. *Howard*, 20 How. Pr., 121; *Van Rossum* v. *Walker*, 11 Barb., 237.)

It is the appropriation of firm property to pay the individual debts of the partners that is regarded as fraudulent against the firm creditors. The firm does not owe the individual debts. (*Wilson* v. *Robertson*, 21 N. Y., 587.) Here, if there had been provision that the individual debts should be paid out of the entire proceeds, instead of out of the surplus, and the individual debts had been unequal, then some of the property of one partner would be appropriated to pay the debts of the other, and hence the assignment would be fraudulent against an individual creditor injured thereby. (*O'Neil* v. *Salmon*, 25 How. Pr., 246.)

Equity will appropriate partnership property to partnership debts, and individual property to individual debts, and will not permit either class of creditors to appropriate the assets of the opposing class until all the claims of the latter are satisfied. (*Meech* v. *Allen*, 17 N. Y., 300.) But equity, as the case cited holds, will not supersede the existing lien or disposition, which the debtors lawfully made, and, therefore, will not defeat an assignment made by the individual debtor, of his separate property, to pay his partnership debts, which is otherwise unobjectionable. (*Kirby* v. *Schoonmaker*, 3 Barb. Ch., 46.)

The fact that Youngman, the assignee, is not a party, is not material to the issues between these parties. In *Crouse* v. *Froth-*

*ingham* (97 N. Y., 105), the assignee was made a party, but did not answer. He thereby confessed that he had no title to assert against the judgment creditor. But the court held otherwise ; that the rights of the creditors, represented by him, could not be varied at his option, and that the title was in him, for the benefit of all the creditors. There are other objections urged against the plaintiff's recovery, but we do not think it necessary to discuss them.

The judgment should be affirmed, with costs.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment affirmed, with costs.