RALPH v. BRICKELL et al.

(*Supreme Court, General Term, Fourth Department.* November, 1889.)

PARTNERSHIP—FIRM DEBTS—INDIVIDUAL ASSETS.
 A partner can, by a general assignment, devote his individual property to the payment of debts due by the firm.

Appeal from judgment on report of referee.

This judgment was entered in Oswego county, April 15, 1889, setting aside as fraudulent and void a general assignment made by Brickell to Wilcox. On the 6th March, 1884, the plaintiff duly recovered a judgment against the de-

fendant Brickell for $656.41 damages and costs, for rent due upon a lease given by plaintiff to Brickell on July 16, 1881. On August 4, 1881, Brickell and one W. S. Gardner entered into an arrangement whereby it was agreed that they would conduct and carry on a grocery business, as copartners, in the store covered by the lease, under the firm name of W. S. Gardner & Co., Gardner to be paid for his personal services in the management thereof the sum of $15 per week, and one-third of the net profits of the business, if any, but not to be liable for any losses in the business. Under this agreement, the business was carried on in the firm name of W. S. Gardner & Co. until on or about July 1, 1883; Brickell contributing all the capital, and Gardner contributing his services under the arrangement. The business was a losing one, and there were no profits; and Gardner received nothing, and was entitled to nothing, but the $15 per week. During all this time, Brickell was in the employ of Francis H. Leggett & Co., a wholesale grocery house of New York city, traveling and selling goods for them, under the arrangement that he was to have for his services one-third of the net profits on the goods sold by him; all losses and expenses of every kind on the sales made by him to be first deducted, in arriving at the net profits. During the time W. S. Gardner & Co. conducted business, the firm of Francis H. Leggett & Co., through Brickell, sold and delivered to W. S. Gardner & Co. goods from time to time; and on July 1, 1883, the firm of W. S. Gardner & Co., upon such sales, was indebted to the firm of Francis H. Leggett & Co. in about the sum of $1,465.54. At that date, W. S. Gardner assigned to Brickell all his interest in the firm of W. S. Gardner & Co., and in the goods and business of the firm; Brickell agreeing, as the consideration of the sale, to assume and pay all the firm debts. This transfer and agreement was in writing. Shortly after this, and on 10th July, 1883, Brickell executed to the defendant Wilcox a general assignment for the benefit of creditors, in which he preferred, first, the debt to Francis H. Leggett & Co.; then, a debt to Thomas Kingsford, of $100.24, and the debt of plaintiff; and, after that, his other debts, to be paid *pro rata*. The assets amounted to about $1,200. The foregoing facts were found by the referee, and he also found, as matter of fact, that the purchase of Gardner's interest by Brickell was made in good faith, and without any intent to hinder, delay or defraud creditors of the firm; and that the general assignment of Brickell "appropriates all the property of the assignor to the payment of debts for which he is liable, in one capacity or another, and the same must stand, unless it be fraudulent in law, because of the distribution of the assets in the payment of debts contrary to law by the preferential appropriation of the individual property of Brickell to the payment of the firm debts of W. S. Gardner & Co., to the prejudice of the plaintiff." The referee then held, as matter of law, that, by the transfer from Gardner to Brickell, the firm property became the individual property of Brickell, and that he had no right, as against his individual creditors, to prefer a firm creditor, and upon that ground declared the assignment void as against plaintiff, an individual creditor. The defendants duly excepted. It further appears in the case that all the property that passed under the assignment was what remained of the firm property. The case does not contain all the evidence. Defendants appeal.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*D. P. Morehouse*, for appellants. *H. C. Benedict*, for respondent.

MERWIN, J. The referee, in his findings of fact, in effect negatives the existence of any cause for setting aside the assignment, except such as may be inferred, as matter of law, by reason of the preference of the firm creditor, so that, if the referee was not correct in his conclusion on this subject, the judgment cannot be supported. It would not be warranted by the facts found. *Stoddard* v. *Whiting*, 46 N. Y. 627. Upon such facts, it would be

erroneous. *Collender* v. *Phelan*, 79 N. Y. 366. The question, then, is, can one partner, by a general assignment, devote his individual property to the payment of a firm debt? A court of equity, in the distribution of equitable assets, applies the rule that, as between the joint and separate creditors of partners, the partnership property is to be first applied to the payment of the partnership debts, and the separate property of the individual partners to the payment of their separate debts. *Meech* v. *Allen*, 17 N. Y. 301. In *Re Estate of Gray*, 111 N. Y. 404, 18 N. E. Rep. 719, this rule was applied to the distribution of the assets of a deceased partner in the hands of his administrator. In *Wilson* v. *Robertson*, 21 N. Y. 587, it was held that the appropriation, in a general assignment by an insolvent firm, of partnership property to the payment of the individual debts of one partner, avoids the assignment, at the suit of the firm creditors. Such an assignment assumes to appropriate the share of one partner to the payment of debts that neither he nor his property is liable for. No case is cited showing that a like rule applies to the case of an assignment by one partner of his individual property for the payment of firm debts, except the case of *Jackson* v. *Cornell*, 1 Sandf. Ch. 348. In that case, it was held by Vice-Chancellor SANDFORD, in 1844, that such an assignment, preferring the firm creditors to the exclusion of the individual, was fraudulent and void, as to the latter. On the other hand, there are many cases laying down a contrary rule. In *Kirby* v. *Schoonmaker*, 3 Barb. Ch. 46, (decided in 1848,) it was said by Chancellor WALWORTH that copartners may assign their individual as well as their partnership property to pay the joint debts of the firm, thereby giving the creditors of the firm a preference over the separate creditors. This doctrine was followed in *Van Rossum* v. *Walker*, 11 Barb. 237, where the question was directly met and passed upon. It was approved by Judge ALLEN in *O'Neil* v. *Salmon*, 25 How. Pr. 252. There are several other cases to the same effect. *Becker* v. *Leonard*, 42 Hun, 224; *Haynes* v. *Brooks*, Id. 528; *Smith* v. *Perine*, 1 N. Y. Supp. 495. In *Crook* v. *Rindskopf*, 105 N. Y. 476, 12 N. E. Rep. 174, it is said, in reference to a general assignment, that it is lawful for an insolvent member of a firm to devote his individual property to the payment of firm debts, or to any debt owing by him to his partners, to the exclusion of his individual creditors; and no inference of fraud can legally be derived from such disposition. It thus seems to be well settled on authority that a preference of a firm debt by one partner, in an assignment of his individual property, does not make the assignment void. Partners, as between themselves, have an equitable right to have the partnership property applied first to the payment of the partnership debts; and, in certain circumstances, this inures to the benefit of the creditors of the firm, and is sometimes called a "lien." *Saunders* v. *Reilly*, 105 N. Y. 20, 12 N. E. Rep. 170. There is no such lien, as between the separate partners and their individual creditors. SELDEN, J., in *Meech* v. *Allen*, *supra*. Each partner can, therefore, as long as he has control of his property, use it to pay either class of debts, for he is under legal obligation to pay both. BROWN, J., in *Hurlbert* v. *Dean*, *41 N. Y. 104. The general rule adopted by courts of equity, when distribution is made by the court, does not apply to voluntary dispositions, by partners themselves, that are in other respects good. It follows that the referee erred in his legal conclusion.

In the present case, it is at least doubtful whether, as against the plaintiff, the debts preferred are not to be deemed individual debts of the assignor. As between the assignor, Brickell, and the retiring partner, Gardner, Brickell, by assuming and agreeing to pay the firm debts, became the principal debtor, and individually liable, and Gardner was simply a surety. *Colgrove* v. *Tallman*, 67 N. Y. 95. Gardner certainly had the right to have the assumed debts treated as the individual debts of Brickell; and it is not clear that the plaintiff has any better position, especially, in view of the fact that all the property assigned by Brickell was firm property at the time of the dissolution.

Be this as it may, the conclusion reached on the other branch of the case is fatal to the judgment. Judgment reversed upon the exceptions, and a new trial ordered; costs to abide the event. All concur.