## HURLBERT v. DEAN.

December, 1865.

The objection that the judgment debtors are not joined as defendants in a creditor's action to set aside their assignment, is waived if not taken by demurrer or answer.

A referee's report should be inserted in a case immediately after the testimony, and preceding the exceptions thereto; but an inadvertent misplacement of it may be disregarded.

Hurlbert *v.* Dean.

An assignment of partnership assets preferring individual debtors of the several partners, violates the statute in respect to fraudulent conveyances, and shows such a fraudulent intent on the part of the assignors as to render the assignment void.[*]

The absence of evidence that there were such debts is insufficient to overcome the presumption of fraud in such an assignment.

William W. Hurlbert and others sued Delos W. Dean and Harvey Strong, in the supreme court, to set aside an assignment made to the defendants by James F. Dean and Enos S. Brown, of their real and personal estate.

In March, 1855, James F. Dean and Enos S. Brown, copartners in trade and business, at Oneonta, Otsego county, under the firm name of Dean & Brown, made a verbal agreement with Horatio G. Strong, whereby he was to become copartner with them upon paying one-third the value of their goods and assets, valued at nine thousand four hundred and sixty-one dollars and fifteen cents. Afterward, Strong and Dean purchased goods on credit from the plaintiffs herein, in the name of Dean, Brown & Strong, Thereafter, Strong being unable to pay for his share of the copartnership effects, the firm of Dean, Brown & Strong ceased to exist.

In October of the same year, Dean & Brown agreed to sell out the business to Stephen S. Westcott and Horatio G. Strong, upon certain conditions, which were not fulfilled by Dean & Brown, and the agreement was not consummated.

On November 5, 1855, James F. Dean and Enos S. Brown assigned to the defendants all their real and personal estate, in trust for payment of debts, giving preferences.

Among the trusts in the deed of assignment is the following: Out of the net proceeds of the trust property, the assignees are directed, "first to pay and discharge in full all notes, debts and bills of exchange made by the firm of Dean & Brown, or by the firm of Dean, Brown & Strong, or by any or either of the individuals of the said firms, which notes, debts, or bills, have been indorsed by Delos W. Brown and Harvey Strong, or by either of them, so that the said indorsers shall be fully discharged from all liability as indorsers or surety. Also all notes

---

* See Turner *v.* Jaycox, 40 *N. Y.* 470.

and drafts, if any, that have been signed by said Delos W. Dean and Harvey Strong."

The plaintiffs were judgment creditors, with three executions returned unsatisfied : two of the judgments being against the firm of Dean, Brown & Strong, and the other against Dean & Brown. The complaint prayed that the deed of assignment might be adjudged fraudulent and void, and that the plaintiffs might be paid their several judgments out of the assigned property, &c.

The referee who heard the cause found that the assignment was made in good faith, and without any intent to hinder and delay creditors; and reported in favor of the defendants, that the complaint be dismissed, with costs to defendants.

*The supreme court*, at general term, on appeal, were of opinion that the assignors were necessary parties (citing 20 *Barb.* 37 ; 6 *N. Y.* [2 *Seld.*] 190 ; 4 *Paige*, 309) ; but that an amendment would not help the plaintiffs, because the assignment devoted all their property, both individual and partnership, and only the clause giving preference, not the whole assignment, was void, and the debts that were nominally individual were shown by the evidence to be in reality firm debts. They accordingly affirmed the judgment, and plaintiffs appealed.

*Abraham Becker*, attorney for plaintiffs, appellants.

*J. E. Dewey*, for defendants, respondents.

DAVIES, J.—It is now insisted on by the respondents that the plaintiffs are not entitled to the relief claimed by their complaint, for the reason that there is a defect of parties defendant. The action is brought by the plaintiffs, as judgment creditors of James F. Dean and Enos S. Brown, upon the return of an execution unsatisfied, to set aside an assignment made by the judgment debtors to the defendants, Delos W. Dean and Harvey Strong. It is claimed that the judgment debtors should have been made parties defendants. This objection should have been taken by demurrer or answer, and if not so taken, the court is compelled to deem the same waived. *Code of Pro.* § 148.

Hurlbert v. Dean.

It is also claimed that the judgment should be affirmed, on the ground that the report of the referee is not embraced in the case. The practice has been so long and well settled on this point, that there ought not now to be any misapprehension in regard to it. If there was no report of the referee in this case, containing his findings of fact and conclusions of law, for the reasons given in Ackley v. Dygert (not reported), the judgment should be affirmed. But we have here the required report, and the only error is that it is printed in the wrong place. It should have been inserted in the case, immediately after the testimony, and preceding the exceptions taken to it. As its location in the judgment roll is manifestly an inadvertence, we should, on application, allow it to be inserted in the case, in its proper place. We regard the proceedings, as thus amended, in conformity with the injunctions of section 173 of the Code.

The simple question, therefore, presented on this appeal, is whether, upon the face of the assignment, there is anything appearing which renders it void in law. It purports to transfer to the defendants all the joint and several property of the assignors, in trust, in the first place, to pay all notes, drafts or bills indorsed by the assignees, or either of them, made by the firm of Dean & Brown, the assignors, and by the firm of Dean, Brown & Strong, to which latter firm that of Dean & Brown had succeeded, or made by any or either of the individuals of said firms. The partnership property of the firm of Dean & Brown is thus, in the first place, to be appropriated as well to relieve the sureties and indorsers of the firm, as those of the individual members of the firm, and also all liabilities incurred on account of Strong, a former partner of the firm of Dean, Brown & Strong. This brings this case directly within the principle decided by this court in Wilson v. Robertson, 21 N. Y. 587.

We there said that "it seems very plain that the insertion of such a provision in the assignment of the partnership effects of an insolvent firm is a violation of the statute in respect to fraudulent conveyances, and furnishes conclusive evidence of a fraudulent intent on the part of the assignors. Its operation was not only to hinder and delay the plaintiffs, as creditors of

the firm, but, if successful, to cheat them out of their entire demand." It was very pertinently said that "the firm is not liable for the private debts of one of its members, nor is there any liability resting upon the other members in respect to those debts. An appropriation of the firm property to pay the individual debt of one of the partners is, in effect, a gift from the firm to the partner, a reservation for the benefit of such partner or his creditors, to the direct injury of the firm creditors." Such assignment and appropriation were held to be a direct fraud upon the joint creditors of the assignors.

The same ground was taken by the supreme court, to uphold the assignment in that case, as is taken by the referee and the supreme court to maintain the assignment in this case, namely: that the provision violated no statute, but only a principle of the common law, which gives partnership creditors a preference in payment out of partnership property over the individual creditors of the several partners. Hence, it did not invalidate the whole assignment by rendering it fraudulent and void. Being inequitable in reference to the partnership creditors, and an infringement of their rights, the provision was an illegal one; but not being fraudulent, it did not vitiate any other part of the assignment. These views were repudiated by this court in Wilson *v.* Robertson, *supra,* and it was held that this provision showed a fraudulent intent on the part of the assignors, which rendered the assignment wholly fraudulent and void.

The referee before whom the action was tried, found that it was not proven that there were any individual debts of the several partners, or of Horatio G. Strong, of the character mentioned in the assignment. It was not incumbent on the plaintiffs to show that there were any such debts. The appropriation of the partnership assets to the payment of the individual debts of the several partners, showed such a fraudulent intent on the part of the assignors, as to vitiate the assignment and render it fraudulent and void. It is not relieved from this taint by the absence of any proof that there were debts of the character mentioned. The referee and the supreme court should have held that the assignment was fraudulent and void upon its face.

Hurlbert *v.* Dean.

The judgment appealed from should, therefore, be reversed, and a new trial ordered, with costs to abide event

BROWN, J. [After stating the facts.]—The connection of Horatio G. Strong with the firm, and the change of the firm name to that of Dean, Brown & Strong, can have no sensible effect upon the questions brought up for consideration here, and may therefore be dismissed without further notice. Strong became liable as a copartner for the debt contracted during the brief period of his connection with the business. The questions we are to consider, however, still remain the same. The same may be said of the subsequent agreement by which Strong and Stephen S. Westcott were to become the purchasers of the property and effects of the firm. Never having been executed, it seems to be of no moment in the present controversy.

The plaintiffs claim that the provision in the deed of assignment which provides for the payment of the individual debts of the members of the firm, out of the assigned property, in preference to the debts of the firm, renders the deed fraudulent and void as against the firm creditors. No one will now claim that such a provision in such an instrument is legal, but whether its presence has the effect to vitiate the whole transaction, seems, until lately, to have been the subject of some doubt. The late chancellor had occasion to consider the subject in the case of Kirby *v.* Schoonmaker, 3 *Barb. Ch.* 46 Schoonmaker and Gasharie had been copartners in trade, and made an assignment for the payment of their debts. The deed provided for the payment of nine hundred dollars to Schoonmaker's mother out of his joint or separate portion of the proceeds of the assigned property, five hundred and fifty dollars of which was his separate debt and the residue the debt of the firm. It also provided for the payment, out of Gasharie's joint or separate portion of such proceeds, of six hundred dollars to his mother, which was his separate debt. These debts had a preference over all the creditors of the firm, except one for five hundred dollars, which was directed to be first paid. The bill was filed by a judgment creditor. It alleged no fraud, nor did it appear that the partners were insolvent. The bill was dismissed upon this ground alone, for upon no other

28

ground can the decision be sustained consistently with the case of Wilson *v.* Robertson, 21 *N. Y.* 587. The chancellor, in his opinion, saying, "If the giving a preference to the individual creditors, or placing them upon a equality with the creditors of the firm, is merely inequitable in reference to a portion of the individual debts, but is not fraudulent, the bill should be filed in behalf of the complainants and the other creditors of the copartnership having a common interest with them." He did afterward proceed to consider, to some extent, whether the presence of such a provision in a deed of assignment rendered it fraudulent and void, so as to authorize a firm creditor to file a bill, for his own benefit, to set aside the assignment as void. But he overlooked, or did not attach any importance to, the fact which, in my judgment, is fatal to this class of assignments, that the property of one of the copartners is appropriated to the payment of debts which he does not owe.

In the case referred to, the separate debt of Schoonmaker, due to his mother, was not the debt of the firm, nor was it the debt of his copartner, Gasharie. And so it was apparent that the property of the latter—that is, his interest in the property and effects of the firm—was, by the deed of assignment, appropriated to pay a debt which he did not owe, in preference to the debts of the firm of which he was a member, which he did owe, and was under legal obligation to pay. These deeds of assignment giving preferences, are tolerated and upheld by the courts when they devote the entire property of the assignor to the payment of his debts. If the deed reserves anything to the assignor himself, or to the members of his family or to anyone else except his creditors, it becomes absolutely void as to his creditors. When the firm debts are paid, if the partner has none of his own, he may devote what may be left to him to pay the individual debts of his copartner. But he can no more devote it to that purpose in preference to the payment of what he owes individually or jointly as a member of the firm than he can reserve it to himself, leaving the firm debts unpaid. This is upon the obvious rule that the property of the debtor equitably belongs to his creditors to the extent of the payment of their debts. The relations which the copartners maintain to the property of the firm, entitle them sometimes, but not

Hurlbert *v.* Dean.

always, to have all its property in the first place applied to pay the copartnership debts. And so the court of chancery, when it obtains jurisdiction over a copartnership fund through the bankrupt laws, or upon the dissolution of the firm through the death of one of the copartners, will observe this rule of equity and make distribution by applying the proceeds of the copartnership property, in the first place, to the payment of the firm debts, and the proceeds of the property of the individual partners to the payment of their individual debts before applying it to pay the debts of the firm. All this, however, has little to do with our present inquiry, which is simply to determine whether a deed of assignment made by a firm, and which provides for the payment of the individual debts of one of the copartners, and for which the others are not liable, in preference to the debts of the firm, can be upheld as a valid assignment and a legal disposition of the firm property as against the firm creditors. The converse of the proposition will not be disputed. For as there is no rule of equity which gives to the creditors of the individual members of the firm a lien upon their individual property while it is still within their control, there can be no legal objection to an assignment of it in trust to pay copartnership debts in preference to debts due from them individually, for both classes of debts are the debts of the assignors, which they are under a legal obligation to pay. The case of Wilson *v.* Robertson, *supra*, decides the question we are considering, and holds that the provision to pay the individual debts out of the firm property, in preference to the debts of the firm, renders the deed void, as against the firm creditors.

[The learned judge proceeded to express the opinion that as the referee had found that no individual debts had been paid, and the proofs did not affirmatively disclose any individual debts, the clause might be treated as nugatory, and the assignment upheld.]

All the other judges concurred with DAVIES, J., in holding that the burden of showing the non-existence of such debts rested on the parties claiming under the assignment, and a finding that the evidence did not show the existence of such debts was not sufficient.

Judgment reversed, and new trial ordered, costs to abide event.